**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL ABBOTT, ELIZABETH AMMERMAN, AMIR AZARCON, SEAN CONWAY, CURTIS HENNAGER, GABRIEL HERRERA, RYAN INWARDS, BLAKE MARTIN, MADISON MURPHY, CARLIN ROLLENHAGEN, WINSTON TOLLIVER, DAVID UNICH, FNAN YSAHAK, Individually and on behalf of all others similarly situated, <br><br>           Plaintiffs, <br><br> v. <br><br> COMME DES GARCONS, LTD., DOVER STREET MARKET NEW YORK LLC, ELAINE BEUTHER, JAMES GILCHRIST, <br><br>           Defendants | Index No.   21-4929 <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** |

Defendants misclassified hundreds of rank-and-file employees in order to deprive them of overtime by proliferating fraudulent managerial titles to the point where a single retail store location would have 20-40 "managers" at a given point in time. This is an egregious case of wage & hour violations that must be swiftly remedied.

Plaintiffs Daniel Abbott, Elizabeth Ammerman, Amir Azarcon, Sean Conway, Curtis Hennager, Gabriel Herrera, Ryan Inwards, Blake Martin, Madison Murphy, Carlin Rollenhagen, Winston Tolliver, David Unich, and Fnan Ysahak ("Plaintiffs"), individually and as class representatives on behalf of all others similarly situated, by their attorneys Josh Bernstein P.C., make the following allegations against Defendants Comme des Garcons, Ltd., Dover Street Market New York LLC, Dover Street Market LA LLC, Elaine Beuther, and James Gilchrist ("Defendants"):

## NATURE OF THE MATTER

1. Plaintiffs bring this action on behalf of themselves and those similarly situated who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), who worked overtime for Defendants, but were unlawfully denied overtime pay in violation of the FLSA i.e. 29 U.S.C. § 207.

2. Plaintiffs also bring individual and representative wage claims for failure to pay overtime under the New York Labor Law Art. 6, § 190 *et. seq.*, and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S. § 1331 because the action arises under a federal statute, the FLSA. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 because this Action arises under an Act of Congress regulating commerce in an amount in controversy exceeding the jurisdictional minimum.

    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' NYLL claims, because those claims derive from a common nucleus of operative facts.

4. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the complained of activity occurred at Defendants' location in New York, New York, within the Southern District of New York

6. Defendants are subject to personal jurisdiction in the State of New York for the purposes of this lawsuit.

## THE PARTIES

**Plaintiff Daniel Abbott**

7. Plaintiff Daniel Abbott ("Abbott") is an adult individual who resides in Brooklyn, New York.

8. Abbott was employed by Defendants at the Dover Street Market New York location in New York, New York from 2015-2017.

9. From 2015 to 2017, Abbott was employed as an Assistant Floor Manager, and was not paid overtime.

10. Abbott is a covered employee within the meaning of the FLSA and the NYLL.

11. Abbott has consented to join this action. His written Consent to Join form is attached hereto as Exhibit A.

**Plaintiff Elizabeth Ammerman**

12. Plaintiff Elizabeth Ammerman ("Ammerman") is an adult individual who resides in Palenville, NY.

13. Ammerman was employed by Defendants at the Dover Street Market New York location in New York, New York from 2014-2017.

14. From March 2016 to March 2017, Ammerman was employed as an Assistant Floor Manager, and was not paid overtime.

15. Ammerman is a covered employee within the meaning of the FLSA and the NYLL.

16. Ammerman has consented to join this action. Her written Consent to Join form is attached hereto as Exhibit B.

**Plaintiff Amir Azarcon**

17. Plaintiff Amir Azarcon ("Azarcon") is an adult individual who resides in Brooklyn, NY.

18. Azarcon was employed by Defendants at the Dover Street Market New York location in New York, New York from 2017-2018.

19. From January 2018 to June 2018, Azarcon was employed as an Assistant Floor Manager, and was not paid overtime.

20. Azarcon is a covered employee within the meaning of the FLSA and the NYLL.

21. Azarcon has consented to join this action. His written Consent to Join form is attached hereto as Exhibit C.

**Plaintiff Sean Conway**

22. Plaintiff Sean Conway ("Conway") is an adult individual who resides in Los Angeles, CA.

23. Conway was employed by Defendants at the Dover Street Market New York location in New York, New York from 2016-2018.

24. From February 2017 to March 2018, Conway was employed as a Floor Manager, and was not paid overtime.

25. Conway is a covered employee within the meaning of the FLSA and the NYLL.

26. Conway has consented to join this action. His written Consent to Join form is attached hereto as Exhibit D.

**Plaintiff Curtis Hennager**

27. Plaintiff Curtis Hennager ("Hennager") is an adult individual who resides in Atlanta, GA.

28. Hennager was employed by Defendants at the Dover Street Market New York location in New York, New York from 2013-2018.

29. From December 2015 to August 2018, Hennager was employed first as a Sales Manager and then as an Assistant Floor Manager, and was not paid overtime.

30. Hennager is a covered employee within the meaning of the FLSA and the NYLL.

31. Hennager has consented to join this action. His written Consent to Join form is attached hereto as Exhibit E.

**Plaintiff Gabriel Herrera**

32. Plaintiff Gabriel Herrera ("Herrera") is an adult individual who resides in Brooklyn, New York.

33. Herrera was employed by Defendants at the Dover Street Market New York location in New York, New York from 2015-2021.

34. From 2018 to May 2021, Herrera was employed as a Floor Manager, and was not paid overtime.

35. Herrara is a covered employee within the meaning of the FLSA and the NYLL.

36. Herrara has consented to join this action. His written Consent to Join form is attached hereto as Exhibit F.

**Plaintiff Ryan Inwards**

37. Plaintiff Ryan Inwards ("Inwards") is an adult individual who resides in Santa Monica, California.

38. Inwards was employed by Defendants at the Dover Street Market New York location in New York, New York from 2013-2015

39. From December 2013 to September 2015, Inwards was employed as an Assistant Floor Manager, and was not paid overtime.

40. Inwards a covered employee within the meaning of the FLSA and the NYLL.

41. Inwards has consented to join this action. His written Consent to Join form is attached hereto as Exhibit G.

**Plaintiff Blake Martin**

42. Plaintiff Blake Martin ("Martin") is an adult individual who resides in Brooklyn, New York

43. Martin was employed by Defendants at the Dover Street Market New York location in New York, New York from 2014-2016.

44. From September 2014 to May 2016, Martin was employed as a Sales Manager, and was not paid overtime.

45. Martin is a covered employee within the meaning of the FLSA and the NYLL.

46. Martin has consented to join this action. His written Consent to Join form is attached hereto as Exhibit H.

**Plaintiff Madison Murphy**

47. Plaintiff Madison Murphy ("Murphy") is an adult individual who resides in Los Angeles, California.

48. Murphy was employed by Defendants at the Dover Street Market New York location in New York, New York from 2013-2017.

49. From 2013 to 2016, Murphy was employed as an Assistant Floor Manager, and was not paid overtime. In 2017, Murphy was employed as Floor Manager, and was not paid overtime.

50. Murphy is a covered employee within the meaning of the FLSA and the NYLL.

51. Murphy has consented to join this action. Her written Consent to Join form is attached hereto as Exhibit I.

**Plaintiff Carlin Rollenhagen**

52. Plaintiff Carlin Rollenhagen ("Rollenhagen") is an adult individual who resides in Brooklyn, NY.

53. Rollenhagen was employed by Defendants at the Dover Street Market New York location in New York, New York from 2017-2019.

54. From October 2017 to May 2018, Rollenhagen was employed as an Assistant Floor Manager, and was not paid overtime. From May 2018 to September 2019, Rollenhagen was employed as a Floor Manager, and was not paid overtime.

55. Rollenhagen is a covered employee within the meaning of the FLSA and the NYLL.

56. Rollenhagen has consented to join this action. His written Consent to Join form is attached hereto as Exhibit J.

**Plaintiff Winston Tolliver**

57. Plaintiff Winston Tolliver ("Tolliver") is an adult individual who resides in Brooklyn, NY.

58. Tolliver was employed by Defendants at the Dover Street Market New York location in New York, New York from 2013-2017.

59. From late 2016 to mid-2017, Tolliver was employed as an Assistant Floor Manager, and was not paid overtime.

60. Tolliver is a covered employee within the meaning of the FLSA and the NYLL.

61. Tolliver has consented to join this action. His written Consent to Join form is attached hereto as Exhibit K.

**Plaintiff David Unich**

62. Plaintiff David Unich ("Unich") is an adult individual who resides in Brooklyn, NY.

63. Unich was employed by Defendants at the Dover Street Market New York location in New York, New York from 2013-2017.

64. From November 2013 to sometime in 2014, Unich was employed as a Sales Manager, and was not paid overtime. From 2014 to November 2017, Unich was employed as a Floor Manager, and was not paid overtime.

65. Unich is a covered employee within the meaning of the FLSA and the NYLL.

66. Unich has consented to join this action. His written Consent to Join form is attached hereto as Exhibit L.

**Plaintiff Fnan Ysahak**

67. Plaintiff Fnan Ysahak ("Ysahak") is an adult individual who resides in Brooklyn, NY.

68. Ysahak was employed by Defendants at the Dover Street Market New York location in New York, New York from 2015-2018.

69. From September 2016 to June 2017, Ysahak was employed as a Floor Manager, and was not paid overtime.

70. Ysahak is a covered employee within the meaning of the FLSA and the NYLL.

71. Ysahak has consented to join this action. His written Consent to Join form is attached hereto as Exhibit M.

**Defendant Comme des Garcons, Ltd.**

72. Comme des Garcons is a global luxury fashion brand. Upon information and belief, Defendant Comme des Garcons, Ltd. ("Comme des Garcons" or "CdG") is the corporate form of Comme des Garcons's United States operations, with corporate headquarters in Manhattan. Comme des Garcons is a domestic business corporation in the state of New York.

73. Comme des Garcons is run by founder Rei Kawakubo.

74. Rei Kawakubo created Dover Street Market along with her husband, Adrian Joffe.

75. Comme des Garcons, Ltd. jointly employed Plaintiffs along with Defendant Dover Street Market New York, LLC and the individual Defendants.

76. Upon information and belief, Comme des Garcons owns Dover Street Market New York, LLC.

77. Comme des Garcons had gross revenues in excess of $500,000 for all relevant periods herein.

78. At all relevant times, Comme des Garcons affected commerce within the meaning of the FLSA.

**Defendant Dover Street Market New York, LLC**

79. Defendant Dover Street Market New York, LLC ("DSMNY") is, upon information and belief, the corporate entity that owns and operates the Dover Street Market location in New York, New York.

80. Dover Street Market is a multi-brand retailer that was created by Rei Kawakubo and her husband, Adrian Joffe. Dover Street Market sells all Comme des Garcons brands and complimentary high fashion brands.

81. Dover Street Market New York, LLC is a Delaware Limited Liability Company with headquarters in New York, NY.

82. DSMNY jointly employed Plaintiffs along with CdG and the individual Defendants.

83. DSMNY had gross revenues in excess of $500,000 for all relevant periods herein.

84. At all relevant times, DSMNY affected commerce within the meaning of the FLSA.

**Defendant Elaine Beuther**

85. Defendant Elaine Beuther ("Beuther") is the Chief Financial Officer of Comme des Garcons, Ltd., Dover Street Market New York, LLC, and Dover Street Market LA, LLC, was involved in Defendants' pay practices, and personally ran payroll. This includes pay practices and payroll for Dover Street Market New York, LLC.

86. Upon information and belief, Beuther was personally involved in Defendants' failure to pay overtime.

87. Beuther constitutes an "employer" within the meaning of the FLSA, and possessed the requisite power and control of an employer such as the ability to hire and fire, control compensation, and exercise control over the terms and conditions of employment.

**Defendant James Gilchrist**

88. Defendant James Gilchrist ("Gilchrist") is the General Manager of Dover Street Market New York, LLC, and upon information and belief, the Vice President of Comme des Garcons, Ltd.. Gilchrist is the ultimate day-to-day decision-maker and authority at CDG and DSMNY, and was involved in Defendants' pay practices.

89. Upon information and belief, Gilchrist was personally involved in Defendants' failure to pay overtime.

90. Gilchrist constitutes an "employer" within the meaning of the FLSA, and possessed the requisite power and control of an employer such as the ability to hire and fire, control compensation, and exercise control over the terms and conditions of employment.

**FACTS**

91. At all relevant times, there were three layers of management above Plaintiffs.

92. Gilchrist was the highest level of management Plaintiffs were aware of. While Gilchrist's office was located in Defendants' corporate headquarters, Gilchrist would physically walk through DSMNY every Wednesday, and make all managerial decisions by fiat. If Gilchrist did not like how a floor was arranged, he would simply dictate a rearrangement and order employees to move merchandise to a different floor or conduct weekly rotation of merchandise without any input from other employees.

93. In this regard, Gilchrist was the actual manager of CdG and DSMNY, and whom all autonomy and discretion was vested in.

94. Below Gilchrist was the Store Manager. The store manager was involved in hiring and firing employees at DSMNY, making schedules, and day-to-day operations.

95. Below the Store Manager were two Assistant Store Managers. The store was divided in two, with each Assistant Store Manager responsible for one half of the store.

96. While the Assistant Store Managers may have had some involvement in hiring and firing, it is unclear if they possessed the authority to do so, or make employee schedules.

97. Plaintiffs worked under the Assistant Store Managers during the relevant time period as "Sales Manager", "Floor Manager", or "Assistant Floor Manager". All of these titles are merely glorified sales representatives whose primary duty was sales.

98. Plaintiffs' duties did not involve the exercise of discretion or independent judgment.

99. Plaintiffs did not possess the authority to hire and fire, nor were their suggestions and recommendations as to hiring, firing, advancement or promotion given particular weight. In fact, it was not uncommon for Plaintiffs to simply receive notice out of the blue that an employee in the area they purportedly "managed" had been fired, or for higher-level management to simply show up with a new hire and introduce them to one of the Plaintiffs as someone who would be working on their floor.

100. Plaintiffs did not customarily and regularly direct the work of two or more full time employees or their equivalent. Plaintiffs did not even have the authority to make the schedules of the employees in the area they purportedly "managed".

101. Plaintiffs received (much) less than half of their compensation in commissions.

102. Plaintiffs were paid on a salary basis well below $100,000 per annum.

103. Plaintiffs did not actually manage or supervise anyone, nor did they have the authority to make operational decisions.

104. DSMNY is located in a small building. It consists of seven floors and the basement. Media reports list the total square footage of DSMNY in the 20,000 square foot range, with the basement being the smallest space.

105. Accordingly, despite Gilchrist overseeing the premises, and the store manager and assistant managers being responsible for day-to-day operations, Defendants misclassified

multiple employees on each floor the size of a one or two-bedroom apartment as managerial employees exempt from overtime.

106. During the entire period of their employment, Plaintiffs regularly worked more than 40 hours per week for Defendants.

107. Plaintiffs worked hours beyond 40 per week as: part of their regular in-store routine; messaging clients and conducting other duties outside of the storefront; working twice-weekly deliveries; performing work for monthly meetings; working store events and remerchandising; and twice-yearly "Tachiagari", a seasonal overhaul of the store.

108. At all relevant times, Defendants classified Plaintiffs and other similarly situated employees as exempt from overtime pay requirements of the FLSA and NYLL, and failed to pay them overtime compensation at the rate of one-half times their regular rate of pay for all hours worked over 40 in a work week.

109. Defendants willfully, knowingly and intentionally classified Plaintiffs and other similarly situated employees in comparable positions with different titles as exempt, despite its awareness that these employees' job duties did not satisfy any of the exemptions to the overtime pay requirements of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

110. Plaintiffs bring their FLSA claims on behalf of all persons who worked for Defendants as Floor Managers, Assistant Floor Managers, or Sales Managers, or in comparable positions with different titles, at any time from three years prior to the filing of this Complaint to the entry of judgment in this case (the "FLSA Collective Period").

111. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and other similarly situated persons, and as such, notice should be sent to all

individuals who are currently, or were, within the FLSA Collective Period, employed by Defendant as Floor Managers, Assistant Floor Managers, Sales Managers, or in comparable positions with different titles.

112. There are numerous similarly situated current and former employees of Defendants who have been denied overtime premium pay in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

113. Under the NYLL, Plaintiffs sue on behalf of themselves and a class of persons under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure who were employed by Defendants in the State of New York as Floor Managers, Assistant Floor Managers, Sales Managers, or in comparable positions with different titles, and who were unlawfully denied overtime premium pay, at any time from six years prior to the filing of this Complaint to the entry of judgment in this case (the "NYLL Class Period").

114. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

115. There are questions of law and fact common to the class.

116. The claims of the representative parties are typical of the claims of the class.

117. The representative parties will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

118. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

119. A class action is superior to other available methods for fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court.

120. There are questions of law and fact common to this class that predominate over any questions affecting individual members of the class, including but not limited to:

   a. Whether the Defendants employed and/or jointly employed Plaintiffs and class members within the meaning of the NYLL;

   b. What proof of hours is sufficient where employers fail in their duty to maintain accurate and unadulterated time records;

   c. Whether Defendants failed and/or refused to pay Plaintiffs and the class members overtime premium pay for hours worked in excess of forty per week within the meaning of the NYLL; and

   d. Whether Plaintiffs and the class members' job duties were sufficient to satisfy any of the exemptions from the overtime compensation requirements of the NYLL.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

121. Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs.

122. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

123. Because Defendants' violation of the FLSA by misclassifying Plaintiffs as exempt employees were willful, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

124. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiffs and similarly situated current and former employees as exempt and failing and refusing to pay them overtime compensation in accordance with § 207 of the FLSA.

125. As a result of Defendants' violations of the FLSA, Plaintiffs and similarly situated current and former employees have suffered damages by being denied overtime premium pay in accordance with § 207 of the FLSA.

126. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and similarly situated current and former employees.

127. As a result of the unlawful acts of the Defendants, Plaintiffs and similarly situated current and former Floor Managers, Assistant Floor Managers, Sales Managers, and those in comparable positions with different titles, have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (New York State Labor Law)

128. Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs.

129. The NYLL requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for hours worked in excess of forty in a work week.

130. Defendants have a policy and practice of failing and refusing to pay proper overtime pay to Plaintiffs and to the proposed class members for their hours worked.

131. As a result of Defendants' failure to pay overtime, and its decision to withhold overtime premium pay earned and due to Plaintiffs and the proposed class, Defendants have violated and continue to violate the NYLL.

132. Plaintiffs, on behalf of themselves and the proposed class, seek damages for Defendants' failure to pay overtime wages and one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, as required by the NYLL.

133. Plaintiffs, on behalf of themselves and the proposed Rule 23 class, also seek recovery of attorneys' fees and costs to be paid by Defendant as provided by the NYLL, plus prejudgment interest, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the Defendants as a Floor Manager, Assistant Floor Manager, Sales Manager, or a comparable position with a different title. The notice shall inform them that this civil action has been filed, the nature of the action, and of their right to opt in to this lawsuit;

B. Certification of this action as a class action;

C. Designation of Plaintiffs or of a subset of Plaintiffs as class representatives;

D. Unpaid overtime compensation and liquidated damages pursuant to 29 U.S.C. § 201, *et seq.*, and the supporting United States Department of Labor regulations;

E. Unpaid overtime compensation and liquidated damages pursuant to N.Y. Lab. Law. Article 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, plus pre-judgment interest;

F. An injunction enjoining Defendants from violating the foregoing laws and regulations in the future;

G. Attorneys' fees and costs of the action; and

H. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: June 1, 2021

                                              Josh Bernstein, P.C.
                                              *Counsel for Plaintiffs*

                                 By: _____/s/_____
                                   Joshua Alexander Bernstein
                                   160 Varick Street, 3rd Fl.
                                   New York, NY 10013
                                   (646) 308-1515
                                   jbernstein@jbernsteinpc.com