UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------- x

GABRIEL HERRERA and CURTIS
HENNAGER, individually and on behalf of all
others similarly situated,

DANIEL ABBOTT, ELIZABETH AMMERMAN,
AMIR AZARCON, SEAN CONWAY, RYAN
INWARDS, BLAKE MARTIN, MADISON
MURPHY, CARLIN ROLLENHAGEN,
WINSTON TOLLIVER, DAVID UNICH,
DYLAN WARMACK, and FNAN YSAHAK,
individually,

                Plaintiffs,

        - against -

COMME DES GARCONS, LTD., DOVER
STREET MARKET NEW YORK LLC, ELAINE
BEUTHER and JAMES GILCHRIST,

                Defendants.

---------------------------------------------------------------- x

Case No. 21 CV 4929 (VEC)

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION
TO DISMISS AMENDED
COLLECTIVE AND CLASS
ACTION COMPLAINT**

ORAL ARGUMENT REQUESTED

DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas
21st Floor
New York, New York  10020
+1 (212) 603-6498
*Attorneys for Defendants Comme Des
Garcons, Ltd., Dover Street Market New York
LLC, Elaine Beuther, and James Gilchrist .*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ............................................................................. 4

    A.     PLAINTIFFS' ATTEMPTS TO PLEAD UNCOMPENSATED OVERTIME ................................................................................................. 4

          1.    Generalized Allegations as to All Plaintiffs .............................................. 4

          2.    Azarcon ....................................................................................................... 4

          3.    Hennager .................................................................................................... 5

          4.    Herrera ....................................................................................................... 5

    B.     PLAINTIFFS' ALLEGATIONS CONCERNING DEFENDANTS .................... 6

          1.    DSM NY ..................................................................................................... 6

          2.    CDG ............................................................................................................ 7

          3.    Beuther ....................................................................................................... 7

          4.    Gilchrist ..................................................................................................... 7

ARGUMENT ............................................................................................................................ 8

    A.     THE AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT OVERTIME CLAIMS UNDER EITHER THE FLSA OR NYLL .......................................................................................... 8

    B.     THE CLAIMS AGAINST CDG, BEUTHER AND GILCHRIST SHOULD BE DISMISSED ......................................................................... 14

    C.     HENNAGER'S AND AZARCON'S FLSA CLAIMS ARE TIME BARRED ...................................................................................................... 18

    D.     THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS ...................... 19

CONCLUSION ........................................................................................................................ 21

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Acharya v. 7-Eleven, Inc.*,
  18-cv-08010, 2019 U.S. Dist. LEXIS 215425 (S.D.N.Y. Dec. 13, 2019) ........................16, 17

*Amponin v. Olayan America Corp.*,
  14-cv-2008, 2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. March 16, 2015) ...............................13

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .....................................................8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .........................................................9

*Bustillos v. Academy Bus, LLC*,
  13-cv-565, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) .................................12, 13

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).............................................................20

*Chen v. Major League Baseball*,
  6 F. Supp. 3d 449, *aff'd sub nom. Chen v. Major League Baseball Properties,*
  *Inc.*, 798 F.3d 72 (2d Cir. 2015) ...............................................................................................21

*Cho v. Osaka Zen Spa*,
  19 Civ. 7935, 2021 U.S. Dist. LEXIS 84260 (S.D.N.Y. May 3, 2021)....................................18

*City of Chicago v. Int'l Coll. Of Surgeons*,
  522 U.S. 156, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997).........................................................20

*DeJesus v. HF Mgmt. Servs. LLC*,
  726 F.3d 85 (2d Cir. 2013).............................................................................................9, 12, 13

*Fallon v. 18 Greenwich Ave., LLC*,
  No. 1:19-CV-9579-MKV, 2021 WL 1105066 (S.D.N.Y. Mar. 23, 2021) .............................14

*Ho v. Sim Enters. Inc.*,
  No. 11 Civ. 2855, 2014 WL 1998237 (S.D.N.Y. May 14, 2014)...........................................15

*In re Merrill Lynch Ltd. P'ships Litig.*,
  154 F.3d 56 (2d Cir. 1998)........................................................................................................20

*Itakura v. Primavera Galleries, Inc.*,
  Index No. 08-cv-9027, 2009 U.S. Dist. LEXIS 55198 (S.D.N.Y. June 30,
  2009) ..........................................................................................................................................8

*JBCHoldings NY, LLC v. Pakter*,
  931 F. Supp. 2d 514 (S.D.N.Y. 2013) ................................................................ 17

*Johnson v. Equinox Holdings, Inc.*,
  13-cv-6313, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014) ...................... 13

*Johnson v. Rowley*,
  569 F.3d 40 (2d Cir. 2009) .................................................................................... 8

*Kuebel v. Black & Decker Inc.*,
  643 F.3d 352 (2d Cir. 2011) ................................................................................ 19

*Lopez v. Acme Am. Envtl. Co.*,
  No. 12-cv-511, 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ......................... 15, 16

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
  711 F.3d 106 (2d Cir. 2013) ................................................................. 9, 11, 12, 13

*Mokrov, et al. v. Aeroflot Russian Airlines, et al.*,
  No. 20 Civ. 588, 2021 WL 2435801 (S.D.N.Y. June 15, 2021) ............................ 21

*Murray v. City of New York, New York*,
  No. 16-CV-8072, 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) ........................... 11

*N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y.*,
  25 F. Supp. 3d 459 (S.D.N.Y. 2014) .................................................................... 17

*Nakahata v. NY Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013) ..................................................................... 9, 12, 13

*Oliver v. Rio Acquisition Partners, LLC*,
  No. 18 Civ. 1794, 2019 WL 801952 (S.D.N.Y. Feb. 21, 2019) ............................ 21

*Peng Bai v. Fu Xing Zhuo*,
  13 Civ. 05790, 2014 U.S. Dist. LEXIS 81173 (June 13, 2014) ....................... 16, 17

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
  712 F.3d 705 (2d Cir. 2013) ................................................................................ 14

*Ramirez v. Temin & Co.*,
  20-cv-6258, 2021 U.S. Dist. LEXIS 183760 (S.D.N.Y. Sept. 24, 2021) ............... 13

*Sampson v. Medisys Health Network, Inc.*,
  Index No. 10-cv-1342, 2012 WL 3027838 (E.D.N.Y. Jul. 24, 2012) .............. 15, 16

*Simmons v. Reich*,
  No. 20-4114, 2021 WL 5023354 (2d Cir. Oct. 29, 2021) ..................................... 18

*Valencia ex rel. Franco v. Lee*,
    316 F.3d 299 (2d Cir. 2003)...........................................................................................21

*Whiteside v. Hover-Davis, Inc.*,
    995 F.3d 315 (2d Cir. 2021)....................................................................................19, 20

*Wolman v. Catholic Health Sys. Of Long Island, Inc.*,
    No. 10 Civ. 1326, 2011 U.S. Dist. LEXIS 48223 (E.D.N.Y. May 5, 2011)...........................11

*Wolman v. Catholic Health System of Long Island*,
    853 F. Supp. 2d 290 (E.D.N.Y. 2012) .................................................................................15

**Federal Statutes**

28 U.S.C. § 1367.......................................................................................................................21

28 U.S.C. § 1367(a)..................................................................................................................20

28 U.S.C. § 1367(c)(3).............................................................................................................20

29 U.S.C. § 203(d) ...................................................................................................................14

29 U.S.C. § 207(a)(1) ("FLSA")........................................................................................ *passim*

29 U.S.C. § 255(a) ...................................................................................................................18

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ................................................................1, 8, 17

**Regulations**

12 N.Y.C.R.R. 142-2.2 ...............................................................................................................9

**Constitutional Provisions**

United States Constitution, Article III .........................................................................................20

## PRELIMINARY STATEMENT

Defendants Comme des Garcons, Ltd. ("CDG"), Dover Street Market New York LLC ("DSM NY"), Elaine Beuther ("Beuther") and James Gilchrist ("Gilchrist") (collectively, "Defendants") submit this memorandum of law in support of their motion for an order dismissing the claims in the Amended Collective and Class Action Complaint (the "Amended Complaint" or "Am. Cplt.") asserted in this action by plaintiffs Gabriel Herrera ("Herrera") Curtis Hennager ("Hennager," and together with Herrera, the "Representative Plaintiffs"), Daniel Abbott ("Abbott"), Elizabeth Ammerman ("Ammerman"), Amir Azarcon ("Azarcon"), Sean Conway ("Conway"), Ryan Inwards ("Inwards"), Blake Martin ("Martin"), Madison Murphy ("Murphy"), Carlin Rollenhagen ("Rollenhagen"), Winston Tolliver ("Tolliver"), David Unich ("Unich"), Dylan Warmack ("Warmack") and Fnan Ysahak ("Ysahak," together with Abbott, Ammerman, Azarcon, Conway, Inwards, Martin, Murphy, Rollenhagen, Tolliver, Unich and Warmack, the "Individual Plaintiffs," all of whom are referred to collectively with the Representative Plaintiffs as "Plaintiffs"). Whereas the Representative Plaintiffs have commenced this action individually and as collective and class representatives under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), each of the Individual Plaintiffs has commenced this action in his or her individual capacity. Because none of them have adequately stated a cause of action under either the FLSA or NYLL, binding Second Circuit precedent compels dismissal of those claims in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Without the jurisdictional hook of a federal cause of action, Plaintiffs have no basis upon which to present their remaining causes of action under the NYLL to this Court, and those claims should be dismissed for lack of subject matter jurisdiction.

The Amended Complaint alleges that Defendants (i) misclassified Plaintiffs as exempt employees and failed to compensate them for unpaid overtime under the FLSA (Count One) and

the NYLL (Count Two) (collectively, the "wage and hour claims"); (ii) failed to provide hiring notices under the NYLL (Count Three); and (iii) failed to provide wage statements under the NYLL (Count Four). Plaintiffs, all former management-level employees of DSM NY, commenced this action on June 3, 2021, alleging that, while they were employed in at least one of three specific positions at DSM NY's clothing and fashion store, they were misclassified as exempt from applicable wage payment laws. Docket Doc. No. 1 (Complaint). After attempts at early resolution proved unsuccessful, Defendants moved to dismiss the Complaint on January 7, 2022, arguing in relevant part that the Complaint failed to adequately allege that *each Plaintiff* worked in excess of forty hours in a given workweek, as it was incumbent upon them to do under applicable law. Docket Doc. No. 48 (the "First Memorandum of Law," or "First MOL"), at 4. In an attempt to cure the deficiencies identified in the First Memorandum of Law, Plaintiffs filed the Amended Complaint on February 3, 2022.

Despite having the deficiencies in the original Complaint outlined for them in the First Memorandum of Law, Plaintiffs have once again failed to meet their burden to adequately plead facts to plausibly state claims of unpaid overtime. The Amended Complaint is replete with hyperbole, wholly irrelevant allegations, and conclusory assertions that merely parrot applicable legal standards. But nowhere in its 164 paragraphs and 26 pages does the Amended Complaint contain the necessary degree of specificity to allege that *any* of the Plaintiffs worked in excess of forty hours in a given week when they held *any* of the three job titles at issue in this litigation. The Amended Complaint is a transparent attempt to create smoke where there is no fire, and it should be dismissed.

Even if the Court were inclined to allow any of the Plaintiffs' wage and hour claims to survive this motion (which it should not do), the Amended Complaint fails to state a cause of

action against three of the four defendants named in this action. Specifically, Plaintiffs allege that CDG "owns" their former employer DSM NY, that Beuther is the Chief Financial Officer of both companies, and that Gilchrist walked through the DSM NY store once a week and made decisions about merchandise and layout in his alleged capacity as DSM NY's General Manager and CDG's Vice President. Such allegations are patently insufficient to support an inference of a joint employer relationship between CDG, Beuther and/or Gilchrist on the one hand and *any* of the Plaintiffs on the other. As such, all of the causes of action asserted against those three defendants must be dismissed for this reason as well.

Azarcon's and Hennager's FLSA claims must be dismissed for the additional reason that they are time-barred. The FLSA has a two-year limitations period, with a third year available where a plaintiff pleads sufficient factual details to support an inference of willfulness on the part of an employer who is alleged to have failed to pay overtime premiums. Here, the Amended Complaint offers only threadbare recitations and conclusory statements in support of the contention that Defendants' alleged failure to pay overtime was willful. Under Second Circuit precedent, this is insufficient to justify an extension of the FLSA's two-year limitations period. Because Azarcon's and Hennager's employment with DSM NY ended more than two years prior to commencement of this action, their FLSA claims must be dismissed.

Finally, the Amended Complaint's remaining two claims sounding in alleged violations of the NYLL's notice provisions (Counts Three and Four) should be dismissed for lack of subject matter jurisdiction. Plaintiffs fail to state a cause of action under the federal FLSA, and offer no other basis upon which to invoke this Court's supplemental jurisdiction over their state-law claims.

**RELEVANT FACTUAL ALLEGATIONS**

**A.    PLAINTIFFS' ATTEMPTS TO PLEAD UNCOMPENSATED OVERTIME**

**1.    Generalized Allegations as to All Plaintiffs**

In support of the wage and hour claims, Plaintiffs allege that they were given titles of "Sales Manager," "Floor Manager," and/or "Assistant Floor Manager" during various time periods (Am. Cplt, ¶¶ 9, 13, 17, 22, 26, 31, 36, 40, 44, 48, 53, 57, 61, 65), and that Defendants "unlawfully denied overtime pay" to them while they held these positions and "worked four-five hours in excess of forty hours per week purely from their ostensible schedule" (*id.*, ¶¶ 1, 108). The duration of Plaintiffs' employment in these positions ranges from six months (*id.*, ¶ 17) to four years (*id.*, ¶ 57).

The Amended Complaint identifies no specific period of time in which the Individual Plaintiffs Abbott, Ammerman, Conway, Inwards, Martin, Murphy, Rollenhagen, Tolliver Unich, Warmack and Ysahak (each of whom is proceeding in this action in an individual capacity, and *not* as a member of a purported class or collective (*id.*, ¶¶ 1-2)) worked in excess of forty hours in a given week. Instead, these Plaintiffs rely on Hennager's and Azarcon's allegations concerning general working hours (*id.*, ¶¶ 104-17) and Azarcon's and Herrera's allegations concerning "Intermittent Hours" (*id.*, ¶¶ 118-31), discussed more fully below. All Plaintiffs assert that these allegations "reflect [their] best efforts to particularize their hours in excess of forty hours per week," and that they will need access to Defendants' books and records in order to identify with greater specificity weeks in which they worked in excess of forty hours. (*Id.*, ¶ 131.)

**2.    Azarcon**

According to the Amended Complaint, Azarcon worked at DSM NY from 2017 to 2018. (*Id.*, ¶ 16). "From January 2018 to June 2018, Azarcon was employed as an Assistant Floor

Manager, and was not paid overtime." (*Id.*, ¶ 17.) The Amended Complaint is silent as to the position that Azarcon held prior to January 2018.

Azarcon identifies two days on which he arrived early to work while employed as an Assistant Floor Manager, at 8:30 AM on March 16, 2018, and at some point prior to 8:56 AM (four minutes before the "opening" shift was scheduled to begin – see *id.*, ¶ 105) on March 24, 2018 (*id.*, ¶ 110. Azarcon does not allege the times he left work on those days, or the total hours he worked in either of the weeks that included March 16 and March 24, 2018.

Azarcon also claims that he worked overnight from September 8, 2017 to September 9, 2017 (*id.*, ¶ 125), during a period of time when he was *not* employed in the position of Assistant Floor Manager, and concedes as much in a footnote (*id.*, ¶¶ 17, 125 n.1).

### 3.   Hennager

According to the Amended Complaint, Hennager worked at DSM NY from 2013 to 2018. (*Id.*, ¶ 25). "From December 2015 to August 2018, Hennager was employed first as a Sales Manager and then as an Assistant Floor Manager, and was not paid overtime." (*Id.*, ¶ 26.)

In an effort to adequately identify any period in which he worked in excess of forty hours in a given week, Hennager claims to have left work at 8:55 PM on November 2, 2017, at 8:53 PM on the following day, and at 8:17 PM on November 9, 2017 (*id.*, ¶ 112). The Amended Complaint is silent as to the times that he started working on those days, or the total number of hours worked in either of these weeks.

### 4.   Herrera

According to the Amended Complaint, Herrera held various positions with DSM NY from 2015 to 2021, certain of which are not at issue in this litigation (*id.*, ¶ 30). Specifically, in this action, Herrera seeks unpaid overtime for work performed in excess of 40 hours in a week during the following time periods:

- October 2017-March 2018 (while employed as an Assistant Floor Manager);

- March 2018-January 2019 (while employed as a Floor Manager ); and

- "Early 2020" – May 2021 (while again employed as a Floor Manager).

(Am. Cplt., ¶ 31.) The Amended Complaint is silent as to the positions that Herrera held prior to October 2017 – or crucially, from February 2019 to "early 2020."[1]

Herrera identifies two weeks in which his archived timesheets reflected work in excess of forty hours per week: from Monday, December 30, 2019, to Sunday, January 5, 2020, when his "archived timesheets reflect 52.85 hours of work," and the following week, from Monday, January 6, 2020 to Sunday, January 12, 2020, when "archived timesheets reflect 50.3 hours." (id., ¶ 129.) The Amended Complaint does not allege that Herrera was employed as a Floor Manager during either of these weeks.

**B.   PLAINTIFFS' ALLEGATIONS CONCERNING DEFENDANTS**

**1.   DSM NY**

All of the Plaintiffs worked at DSM NY's store in New York City. (*Id.*, ¶¶ 8, 12, 16, 21, 25, 30, 35, 39, 43, 47, 52, 56, 60, 64.) According to the Amended Complaint, DSM NY's Store Managers and Assistant Store Managers were responsible for "hiring and firing employees at DSMNY, making schedules, and day-to-day operations." (*Id.*, ¶ 89; *see also* ¶¶ 91, 100.) DSM NY employed Herrera and Rollenhagen as Floor Managers on and after June 3, 2019. (*Id.*, ¶¶ 31,

---

[1] In his February 1, 2022 declaration in support of his and Hennager's motion for conditional certification, Herrera states that he was employed as a Senior Zone Manager during this time, and that he is "not alleging in this suit that [he is] entitled to payment of overtime for [his] time as a Zone Manager." (Dkt. Doc. No. 57-3, ¶¶ 4(d) and 20.)

48.) All other Plaintiffs ended their employment with DSM NY prior to June 3, 2019. (Am. Cplt., ¶¶ 9, 13, 17, 22, 26, 36, 40, 44, 53, 57, 61, 65.)

### 2.    CDG

The Amended Complaint alleges "upon information and belief" that CDG "owns" DSM NY (*Id.*, ¶ 71), that an individual named Rei Kawakubo was involved in the formation of both CDG and DSM NY (*id.*, ¶¶ 68-69), and that DSM NY is a "multi-brand retailer" that sells CDG's merchandise, together with "complimentary [*sic*] high fashion brands" (*id.*, ¶ 75). The Amended Complaint also alleges that CDG "jointly employed Plaintiffs along with Defendants [DSM NY] and the individual Defendants." (*Id.*, ¶ 70.)

### 3.    Beuther

According to the Amended Complaint, Beuther is the Chief Financial Officer of CDG, DSM NY and a third entity. (*Id.*, ¶ 80.) The Amended Complaint alleges that, in that capacity, she "was involved in Defendants' pay practices and personally ran payroll" for DSM NY. (*Id.*) The Amended Complaint also alleges, "Beuther constitutes an 'employer' within the meaning of the FLSA, and possessed the requisite power and control of  an employer such as the ability to hire and fire, control compensation, and exercise control over the terms and conditions of employment." (*Id.*, ¶ 82).

### 4.    Gilchrist

The Amended Complaint alleges that Gilchrist is the General Manager of DSM NY and the Vice President of CDG. (*Id.*, ¶ 83.) In those capacities, he paid weekly visits to DSM NY and made decisions about the store's physical layout and the rotation of merchandise. (*Id.*, ¶ 87.) According to the Amended Complaint, Gilchrist was "the ultimate day-to-day decision-maker and authority at CDG and DSM NY, and was involved in Defendants' pay practices." (*Id.*) Mirroring the allegations asserted against Beuther, the Amended Complaint also alleges,

"Gilchrist constitutes an 'employer' within the meaning of the FLSA, and possessed the requisite power and control of an employer such as the ability to hire and fire, control compensation, and exercise control over the terms and conditions of employment." (*Id.*, ¶ 85).

The Amended Complaint characterizes each of the Defendants' alleged misclassification of Plaintiffs as "willful[], knowing[], and intentional[]." (*Id.*, ¶ 103; see also ¶¶ 146-47.)

## ARGUMENT

A complaint is appropriately dismissed for failure to state a claim pursuant to Rule 12(b)(6) if it fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S., at 678. "Bald assertions and legal conclusions, or legal conclusions masquerading as facts need not be accepted as true by the Court." *Itakura v. Primavera Galleries, Inc.*, Index No. 08-cv-9027, 2009 U.S. Dist. LEXIS 55198, at *4 (S.D.N.Y. June 30, 2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). Similarly, "[a] pleading that offers 'label and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S., at 678, *quoting Twombly*, 550 U.S. at 555.

## A.   THE AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT OVERTIME CLAIMS UNDER EITHER THE FLSA OR NYLL

Plaintiffs represent that their allegations in the Amended Complaint "reflect [their] best efforts to particularize their hours in excess of forty hours per week." (Am. Cplt., ¶ 131.) Because their best efforts fall short of adequately stating a cause of action, Counts One and Two must be dismissed.

Section 207(a)(1) of the FLSA requires that a non-exempt employee working "in excess of" forty hours in a work week be compensated for those excess hours "at a rate not less than one and one-half times the regular rate at which [she or] he is employed." 29 U.S.C. § 207(a)(1). The NYLL adopts this same rule. 12 N.Y.C.R.R. 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in … the Fair Labor Standards Act of 1938"). In 2013, the Second Circuit Court of Appeals issued a series of three opinions articulating the standard required for a plaintiff to state cause of action sounding in the FLSA or the NYLL under *Twombly* and *Iqbal*. *See DeJesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85 (2d Cir. 2013), *Nakahata v. NY Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013) and *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013). In those opinions, the Court of Appeals held that a complaint must do more than simply allege generically that a plaintiff was not compensated for all hours worked, but must rather "allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy*, 711 F.3d at 114. This means that, under the FLSA and the NYLL, plaintiffs must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. Put another way, a pleading that "theoretically put[s] [a plaintiff] over the 40-hour mark in one or another unspecified week (or weeks)" is insufficient. *Lundy*, 711 F.3d at 115; *see also Nakahata*, 723 F.3d at 201.

In alleging that, "[d]uring the entire period of their employment, Plaintiffs regularly worked more than 40 hours per week for Defendants" (*id.*, ¶ 101), they set forth precisely the sort of allegations that the Second Circuit Court of Appeals has stated are insufficient to state a

cause of action. Indeed, the Amended Complaint fails to identify a *single work week* in which *any* of the Plaintiffs worked hours beyond 40 while employed as a Sales Manager, Assistant Floor Manager or Floor Manager. While Herrera has identified two weeks in January 2020 in which he worked more than 40 hours, the Amended Complaint is notably silent as to his job title during that period (Am. Cplt., at ¶¶ 128-29).[2] Plaintiffs' other attempts to provide the requisite pleading specificity are similarly unavailing. This includes allegations that (i) Azarcon arrived to work early twice over two separate weeks (*id.*, ¶ 110); (ii) Azarcon worked overnight on one occasion *prior to* assuming his role as Assistant Floor Manager (*id.,* ¶¶ 17, 125); and (iii) Hennagar left work after his regularly scheduled quitting time on November 2, 3 and 9, 2017 (*id.*, ¶ 112). None of these allegations are sufficient to identify a specific workweek in which any of these three plaintiffs would be entitled to overtime pay. Presumably, if Plaintiffs were working the sorts of long hours that the Amended Complaint alleges that they "regularly" (*id.,* ¶ 101), "routinely" (*id.,* ¶ 109) and "typically" (*id.,* ¶ 111) worked, each of them would readily be able to identify one week as an example. Instead, they cite to isolated instances of working late or arriving early, together with allegations concerning periods of time when they held job titles not at issue in this litigation. This is insufficient to adequately state a cause of action under either the FLSA or NYLL.

The claims of the remaining Individual Defendants must be dismissed because the Amended Complaint is devoid of *any* allegations specific to them individually. Dismissal of these Plaintiffs' claims is especially appropriate in light of the fact that each of them has elected

---

[2] As previously noted, on his pending motion for the issuance of Curt-authorized notice of pendency of this lawsuit, Herrera specifically *disclaims* entitlement to overtime during periods in which he held the title of Senior Zone Manager. See n.1, *supra*. One of the reasons Defendants have requested oral argument on this motion is so that opposing counsel may provide additional context as to Herrera's job title during this time period for the Court's consideration.

to participate in this action, not as a member of the class or collective, but, according to their own pleadings, in their individual capacities. Under these circumstances, law in the Second Circuit requires evaluation of the factual allegations pled on behalf of each named plaintiff to determine their adequacy. *Lundy*, 723 F.3d at 114; *see also Murray v. City of New York, New York*, No. 16-CV-8072, 2017 WL 3531552, at *3-4 (S.D.N.Y. Aug. 16, 2017) (partially granting motion to dismiss as to those plaintiffs who failed to specify workweeks in which they were denied overtime pay); *Wolman v. Catholic Health Sys. Of Long Island, Inc.*, No. 10 Civ. 1326, 2011 U.S. Dist. LEXIS 48223, *11-12 (E.D.N.Y. May 5, 2011) (The "*Iqbal/Twombly* plausibility standard requires, at a minimum, factual allegations particular to each named Plaintiff, and which reflect that Plaintiff's own personal experiences"). Because the remaining Individual Defendants fail to "allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours," *Lundy*, 711 F.3d at 114, their wage and hour claims must be dismissed.

This standard is especially salient here, where Plaintiffs held three different job titles for periods ranging from several months to several years, with many Plaintiffs' tenures not even overlapping with those of others. Purely by way of example, Inwards alleges that he "was employed by Defendants at the Dover Street Market New York location in New York, New York from 2013-2015," and that, "[f]rom December 2013 to September 2015, [he] was employed as an Assistant Floor Manager, and was not paid overtime." (Am. Cplt., ¶¶ 35-36.) However, the Complaint fails to allege that he *ever* worked in excess of 40 hours in a given week – or even if he did, that the week in question fell within the approximately three-month time period running from June 3, 2015 (six years prior to the filing of this action) to the end of his employment in September 2015. Inwards was placed on notice of this defect, as Defendants raised this very

point in their First Memorandum of Law (First MOL, at 4-5). The fact that Inwards and other Plaintiffs failed to cure defects of this sort, even after being placed on notice of the need to do so, is proof that they are unable to adequately allege entitlement to a claim of unpaid wages.

Since the Second Circuit Court of Appeals issued *DeJesus*, *Nakahata* and *Lundy* in 2013, reviewing courts in this Circuit have repeatedly held that pleadings such as those proffered in the Amended Complaint fail to state a cause of action. For example, the complaint in *Bustillos v. Academy Bus, LLC*, 13-cv-565, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014), alleged that the plaintiff "regularly worked in excess of forty (40) hours per workweek" and was not paid an overtime premium for that work. The court applied *DeJesus*, *Nakahata* and *Lundy* to dismiss the complaint upon a finding that the allegation "boils down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some unidentified week." *Id. See also Johnson v. Equinox Holdings, Inc.*, 13-cv-6313, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014) (claim dismissed where plaintiff alleged that he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"), *Amponin v. Olayan America Corp.*, 14-cv-2008, 2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. March 16, 2015) (dismissing FLSA and NYLL claims because the allegations in the complaint "identify neither a specific week during which [the plaintiff] worked more than forty hours, nor the specific number of hours she worked during any such week. Without such key information, the court can only speculate as to whether plaintiff worked more than 40 hours in any particular week without receiving overtime pay") and *Ramirez v. Temin & Co.*, 20-cv-6258, 2021 U.S. Dist. LEXIS 183760, *54 (S.D.N.Y. Sept. 24, 2021) ("Here, Ramirez fails to adequately plead a claim for failure to pay overtime wages. Her allegations, that she consistently worked more than forty

hours a week (at times fifty and sixty hours), are equivalent to those rejected in *DeJesus* and *Bustillos*; her complaint does not allege specific hours worked in any given week, but instead alleges only that she regularly worked over forty hours").

Plaintiffs' argument that they will be able to provide additional specific factual allegations "[o]nce time records are produced, along with emails and other documents evincing what hours Plaintiffs worked" (*id.*, ¶ 131) holds no weight. At the pleadings stage, the onus is on the Plaintiffs to "allege sufficient factual matter to state a plausible claim." *Lundy*, 711 F.3d at 113-14. More specifically, in order to survive dismissal, Plaintiffs must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. At the pleadings stage, it is not enough for Plaintiffs to merely speculate that time records will bear fruit in their favor. "[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (citations omitted) (emphasis in original). This well-developed body of case law mandates dismissal of the Amended Complaint, which fails to identify any specific time period in which each of the Plaintiffs worked more than 40 hours, while holding the job title of Sales Manager, Assistant Floor Manager or Floor Manager. *Fallon v. 18 Greenwich Ave., LLC*, No. 1:19-CV-9579-MKV, 2021 WL 1105066, at *6 (S.D.N.Y. Mar. 23, 2021) ("Plaintiff . . . cannot maintain an FLSA overtime claim because he fails to allege a single week where he worked over forty hours.") These allegations fail to state a claim as a matter of law.

**B.    THE CLAIMS AGAINST CDG, BEUTHER AND GILCHRIST SHOULD BE DISMISSED**

Even if the pleadings were sufficient to allege a claim of entitlement to unpaid overtime (which they are not), the Amended Complaint fails to allege any facts sufficient to support the conclusion that CDG, Beuther or Gilchrist may be held jointly liable with Plaintiffs' former employer DSM NY under either the FLSA or the NYLL. For this reason as well, the claims against CDG, Beuther and Gilchrist must be dismissed in their entirety.

Liability under the FLSA only extends to persons and entities who are found to be a plaintiff's employer – specifically, "a person acting directly or indirectly in the interest of an employer *in relation to an employee*." 29 U.S.C. § 203(d) (emphasis added). This applies to claims under the NYLL as well, because "district courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Ho v. Sim Enters. Inc.*, No. 11 Civ. 2855, 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014) (citing *Moon v. Kwon*, 248 F.Supp.2d 201, 236 n. 17 (S.D.N.Y.2002)). Because the allegations in the Amended Complaint are insufficient to support the plausible inference that CDG, Beuther or Gilchrist were Plaintiffs' joint employers, the claims against them must be dismissed.

Plaintiffs' allegations "upon information and belief" that CDG "owns Dover Street Market New York LLC" (Am. Cplt., ¶ 71), and that DSM NY "sells all Comme des Garcons brands and complimentary [*sic*] high fashion brands" (*id.*, ¶ 75), are insufficient to plead an employment relationship between them and CDG. Even assuming the truth of these allegations for the purpose of this motion, they suggest that CDG and DSM NY may share a "common purpose," but "do not touch on the central issue: whether [CDG] exercised sufficient control over Plaintiffs to be considered their joint employers under the FLSA." *Wolman v. Catholic Health*

*System of Long Island*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012). These factual allegations are insufficient to support the legal conclusion that CDG "jointly employed Plaintiffs along with Defendant Dover Street Market and the individual Defendants." (Am. Cplt., ¶ 70.) *Lopez v. Acme Am. Envtl. Co.*, No. 12-cv-511, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012) ("Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees"); *see also Sampson v. Medisys Health Network, Inc.*, Index No. 10-cv-1342, 2012 WL 3027838, at *4 (E.D.N.Y. Jul. 24, 2012) (dismissing FLSA complaint where "[t]he facts alleged may suggest some kind of affiliation among the defendants, but the Court does not believe that they are sufficient to allege a joint employer relationship"). To adequately allege a joint employer relationship, specific facts – not mere conclusory allegations of "operational involvement and control" – are required. *Id.*, at *4 (allegation that "defendants engage in a joint venture of operational control for providing healthcare services" was conclusory and did not save joint employer claim from dismissal). This is because, even if CDG and DSM NY were part of an "integrated enterprise," they "may nevertheless employ separate people and, absent control, are not liable for the separate employees of joint ventures." *Lopez*, 2012 WL 6062501, at *4; *see also Acharya v. 7-Eleven, Inc.*, 18-cv-08010, 2019 U.S. Dist. LEXIS 215425, *7 (S.D.N.Y. Dec. 13, 2019) (granting motion to dismiss claim against alleged joint employer business entity because "Plaintiff fails to plead any factual material regarding who made his job offer, nor are there any factual allegations suggesting the [alleged joint employer business entity] had hiring and firing power, or controlled the Plaintiff's work schedule or employment conditions") (citations omitted).

The Complaint's allegations that Beuther and Gilchrist held positions within both CDG and DSM NY (Am. Cplt., ¶¶ 80, 83) do not change this analysis. On the contrary, the paucity of

allegations concerning either Beuther's or Gilchrist's involvement in setting the terms and conditions of Plaintiffs' employment illustrates why Plaintiffs' attempts to name either one of them as a co-defendant is equally without foundation.

As a threshold matter, the conclusory allegations that Beuther and Gilchrist were "personally involved in Defendants' failure to pay overtime" are asserted "upon information and belief." (*Id.*, ¶¶ 81, 84). As such, the Court should give them no weight whatsoever. "Allegations based upon information and belief are adequate only if the relevant knowledge is solely within the possession of the opposing party or the plaintiff makes additional allegations that demonstrate the basis for the belief." *Peng Bai v. Fu Xing Zhuo*, 13 Civ. 05790, 2014 U.S. Dist. LEXIS 81173, *12 (June 13, 2014), *citing Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010) and *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013). Such is emphatically not the case here. It is incumbent upon Plaintiffs to allege facts sufficient to support the inference that Beuther and Gilchrist were their employers as a matter of economic reality, and they may not rely upon conclusory allegations made upon information and belief to do so. *Peng Bai*, 2014 U.S. Dist. LEXIS 81173, *12 (dismissing complaint against individual defendant because the plaintiff "should have direct, personal knowledge of whether [the individual defendant] Lin hired him and set his wages and other terms of employment, or should at least be able to allege facts supporting his belief that Lin hired him and set his wages and other terms of employment. He has failed to do so").

The Amended Complaint's three allegations as to Beuther consist of a summary of her job title and duties (Am. Cplt., ¶ 80), a conclusory claim of wrongdoing made upon information and belief (*id.*, ¶ 81), and boilerplate allegation that Beuther meets the legal definition of an employer (*id.*, ¶ 82). This is patently insufficient to state a claim against her, because "'mere

boilerplate allegations that [a defendant] meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details' are not enough to survive a Rule 12(b)(6) motion." *Acharya*, 2019 U.S. Dist. LEXIS 215425, *7, *quoting Tracy v. NVR, Inc.,* 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) and *N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y.,* 25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014). As such, the causes of action asserted against her must be dismissed.

The allegations against Gilchrist provide slightly more detail – but about matters entirely irrelevant to the economic realities of Gilchrist's relationship with Plaintiffs. As such, they do not save Plaintiffs' claims against him from dismissal. Specifically, in addition to the three boilerplate introductory allegations similar to those alleged as to Beuther (compare Am. Cplt., ¶¶ 80 and 83, 81 and 84, and 82 and 85) (which are entitled to no deference for reasons already stated), the Amended Complaint alleges that Gilchrist paid weekly visits to DSM NY and made decisions about the store's physical layout and the rotation of merchandise. (*Id.*, ¶ 87.) According to the allegations in the Amended Complaint, it was DSM NY's Store Managers and Assistant Store Managers – *not* Gilchrist, Beuther or anyone else at CDG – who were responsible for "hiring and firing employees at DSMNY, making schedules, and day-to-day operations." (*Id.*, ¶ 89; *see also* ¶¶ 91, 100.) Put simply, the few well-pleaded factual allegations in Plaintiffs' amended pleading (specifically, that Gilchrist made decisions concerning DSM NY's layout and merchandising) fail to support the inference that Gilchrist was the joint employer of *any* of the Plaintiffs under either the FLSA or NYLL. As such, the claims against him must be dismissed. *See, e.g., Cho v. Osaka Zen Spa*, 19 Civ. 7935, 2021 U.S. Dist. LEXIS 84260, *10-11 (S.D.N.Y. May 3, 2021) (factual allegations unrelated to economic realities were insufficient to state a claim that individual defendants were plaintiff's employer because "they do not help the Court

conclude that the Moving Defendants  possessed the formal or functional ability to control [the plaintiff's] employment or [the employer's] operations).

## C.    HENNAGER'S AND AZARCON'S FLSA CLAIMS ARE TIME BARRED

Under the FLSA, claims for unpaid overtime are subject to a two-year statute of limitations, with a third year available in cases of willful violations. 29 U.S.C. § 255(a). Because the Amended Complaint's generalized allegations of willfulness are insufficient to demonstrate entitlement to a third year, the FLSA limitations period in this case runs to June 3, 2019. Accordingly, Hennager's and Azarcon's FLSA claims must be dismissed as time-barred.

"A defendant may raise the affirmative defense that a claim is time-barred in a motion to dismiss if that defense is apparent from the face of the complaint." *Simmons v. Reich*, No. 20-4114, 2021 WL 5023354, at *1 (2d Cir. Oct. 29, 2021). Such is the case here. Specifically, Azarcon pleads that, "[f]rom January 2018 to June 2018, [he] was employed as an Assistant Floor Manager, and was not paid overtime," (Am. Cplt., ¶ 17), and Hennager pleads that, "[f]rom December 2015 to August 2018, [he] was employed first as a Sales Manager and then as an Assistant Floor Manager, and was not paid overtime" (*id.*, ¶ 26). Because Plaintiffs have not, and cannot, sufficiently allege that they are entitled to the three-year exception to the FLSA's statute of limitations, Hennager's and Azarcon's claims under the FLSA are time-barred and must be dismissed.

In 2021, the Second Circuit Court of Appeals held in *Whiteside v. Hover-Davis, Inc.* that, "when a plaintiff relies on a theory of willfulness to save an FLSA claim that otherwise appears untimely on its face, it should similarly be incumbent on the plaintiff to plead facts that make entitlement to the willfulness exception plausible." 995 F.3d 315, 323 (2d Cir. 2021). In order for Plaintiffs to "plausibly allege willfulness . . . at the pleadings stage," the Supreme Court held that such claims "must rest on well-pleaded *factual* allegations." 995 F.3d at 320–21 (emphasis in

original) (citing *Iqbal*, 556 U.S. at 678-80). Plaintiffs have failed to plead with sufficient particularity that Defendants' alleged misclassification of Plaintiffs was either knowing or with reckless disregard of applicable law, and have instead offered only a threadbare recital of the elements of willfulness, supported by mere conclusory statements. (Am. Cplt., ¶ 103.) As such, they are not entitled to a third year of the applicable statute of limitations on their FLSA claims. *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 366 (2d Cir. 2011) ("[a]n employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act") (citation omitted). Controlling precedent from the Second Circuit Court of Appeals compels dismissal of Hennager's and Azarcon's FLSA claims.

**D.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS**

Other than Count One, Plaintiffs' claims are brought under state law. As the above demonstrates that Plaintiffs' wage and hour claims should be dismissed, the Court has no basis upon which to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

Federal district courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court's decision to exercise supplementary jurisdiction over the state claims is discretionary. *See City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997). Specifically, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In determining whether to exercise supplemental jurisdiction, district courts are tasked with balancing the traditional "values of judicial economy, convenience, fairness, and comity."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). The Second Circuit and Supreme Court have both held that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie–Mellon University*, 484 U.S. at 349–50) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"). Indeed, courts have not hesitated to decline to exercise supplemental jurisdiction over state claims where an FLSA claim has been dismissed. *See, e.g.*, *Oliver v. Rio Acquisition Partners, LLC*, No. 18 Civ. 1794, 2019 WL 801952 (S.D.N.Y. Feb. 21, 2019); *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015); *Mokrov, et al. v. Aeroflot Russian Airlines, et al.*, No. 20 Civ. 588, 2021 WL 2435801 (S.D.N.Y. June 15, 2021).

The Court should likewise decline to exercise supplemental jurisdiction in the instant case. The only basis for jurisdiction over Plaintiffs' state law claims set forth in the Amended Complaint is 28 U.S.C. § 1367. (Am. Cplt., ¶ 3.) Plaintiffs assert no independent basis for this Court to exercise jurisdiction over their state-law claims. Coupled with the fact that this action is still in its infancy, judicial economy, convenience, fairness and comity all favor dismissal of Plaintiffs' state-law claims as being wholly derivative of their underlying inadequately pleaded claim for unpaid overtime premiums.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed in its entirety, and that the Court grant to Defendants such other and further relief that it deems warranted.

Dated: New York, New York.
       February 18, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:   */s/* _____

    Lyle S. Zuckerman
    Michael J. Goettig

1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Tel: (212) 603-6498
*Attorneys for Defendants Comme Des*
*Garcons, Ltd., Dover Street Market New York*
*LLC, Elaine Beuther, and James Gilchrist*