UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------- x

GABRIEL HERRERA and CURTIS
HENNAGER, individually and on behalf of all
others similarly situated,

DANIEL ABBOTT, ELIZABETH AMMERMAN,
AMIR AZARCON, SEAN CONWAY, RYAN
INWARDS, BLAKE MARTIN, MADISON
MURPHY, CARLIN ROLLENHAGEN,
WINSTON TOLLIVER, DAVID UNICH,
DYLAN WARMACK, and FNAN YSAHAK,
individually,

                    Plaintiffs,

          - against -

COMME DES GARCONS, LTD., DOVER
STREET MARKET NEW YORK LLC, ELAINE
BEUTHER and JAMES GILCHRIST,

                    Defendants.

------------------------------------------------------- x

Case No. 21 CV 4929 (VEC)

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION
TO DISMISS SECOND AMENDED
COLLECTIVE AND CLASS
ACTION COMPLAINT**

ORAL ARGUMENT REQUESTED

DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas
21st Floor
New York, New York  10020
+1 (212) 603-6498
*Attorneys for Defendants Comme Des
Garcons, Ltd., Dover Street Market New York
LLC, Elaine Beuther, and James Gilchrist*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................. 2

RELEVANT FACTUAL ALLEGATIONS ............................................................................... 4

    A.    GENERALIZED ALLEGATIONS PURPORTING TO APPLY TO ALL PLAINTIFFS ........................................................................................... 4

    B.    AZARCON ................................................................................................. 5

    C.    HENNAGER ............................................................................................. 6

    D.    HERRERA ................................................................................................. 6

ARGUMENT ................................................................................................................................ 7

    A.    THE SECOND AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT OVERTIME CLAIMS UNDER EITHER THE FLSA OR NYLL ........................................................... 8

    B.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS ................... 13

CONCLUSION .......................................................................................................................... 15

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Federal Cases**

*Amponin v. Olayan America Corp.*,
   No. 14 Civ. 2008, 2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. March 16, 2015)......................12

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)....................................................7, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)....................................................7, 8

*Bustillos v. Academy Bus, LLC*,
   No. 13 Civ. 565, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014)........................11, 12

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)...........................................................14

*Chen v. Major League Baseball*,
   6 F. Supp. 3d 449  (S.D.N.Y. 2014), *aff'd sub nom. Chen v. Major League Baseball
   Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015)...........................................................................14

*City of Chicago v. Int'l Coll. Of Surgeons*,
   522 U.S. 156, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997)........................................................14

*DeJesus v. HF Mgmt. Servs. LLC*,
   726 F.3d 85 (2d Cir. 2013)...............................................................................................8, 11, 12

*Fallon v. 18 Greenwich Ave., LLC*,
   No. 19 Civ. 9579, 2021 WL 1105066 (S.D.N.Y. Mar. 23, 2021) ..........................................13

*In re Merrill Lynch Ltd. P'ships Litig.*,
   154 F.3d 56 (2d Cir. 1998)......................................................................................................14

*Itakura v. Primavera Galleries, Inc.*,
   No. 08 Civ. 9027, 2009 U.S. Dist. LEXIS 55198 (S.D.N.Y. June 30, 2009)...........................7

*Johnson v. Equinox Holdings, Inc.*,
   13 Civ. 6313, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014) ...................................12

*Johnson v. Rowley*,
   569 F.3d 40 (2d Cir. 2009).........................................................................................................7

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
   711 F.3d 106 (2d Cir. 2013)............................................................................................ *passim*

*Mokrov, et al. v. Aeroflot Russian Airlines, et al.*,
No. 20 Civ. 588, 2021 WL 2435801 (S.D.N.Y. June 15, 2021)..............................................14

*Murray v. City of New York, New York*,
No. 16 Civ. 8072, 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) ...........................................10

*Nakahata v. NY Presbyterian Healthcare Sys., Inc.*,
723 F.3d 192 (2d Cir. 2013)..............................................................................8, 9, 11, 12

*Oliver v. Rio Acquisition Partners, LLC*,
No. 18 Civ. 1794, 2019 WL 801952 (S.D.N.Y. Feb. 21, 2019) .............................................14

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan
v. Morgan Stanley Inv. Mgmt. Inc.*,
712 F.3d 705 (2d Cir. 2013)........................................................................................13

*Ramirez v. Temin & Co.*,
No. 20 Civ. 6258, 2021 U.S. Dist. LEXIS 183760 (S.D.N.Y. Sept. 24, 2021) ......................12

*United Mine Workers v. Gibbs*,
383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)..........................................................14

*Valencia ex rel. Franco v. Lee*,
316 F.3d 299 (2d Cir. 2003)........................................................................................14

*Wolman v. Catholic Health Sys. Of Long Island, Inc.*,
No. 10 Civ. 1326, 2011 U.S. Dist. LEXIS 48223 (E.D.N.Y. May 5, 2011)............................10

**Federal Statutes**

28 U.S.C. § 1367 ...............................................................................................................14

28 U.S.C. § 1367(a) ..........................................................................................................14

28 U.S.C. § 1367(c)(3)......................................................................................................14

29 U.S.C. § 207(a)(1).........................................................................................2, 8, 11, 12

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................................7

**Regulations**

12 N.Y.C.R.R. 142-2.2 ......................................................................................................8

**Constitutional Provisions**

United States Constitution, Article III ............................................................................14

Defendants Dover Street Market New York LLC ("DSM NY"), Comme des Garcons, Ltd. ("CDG"), Elaine Beuther ("Beuther") and James Gilchrist ("Gilchrist") (collectively, "Defendants") submit this memorandum of law in support of their motion for an order dismissing the claims in the Second Amended Collective and Class Action Complaint (the "Second Amended Complaint" or "Am. Cplt."). Two of the plaintiffs, Gabriel Herrera ("Herrera") and Curtis Hennager ("Hennager") (the "Representative Plaintiffs"), commenced this action individually and as collective and class representatives under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The remaining plaintiffs commenced this action only in their respective individual capacities.

Despite having twice amended their judicial complaint, neither of the Representative Plaintiffs has adequately stated a cause of action of unpaid overtime under either the FLSA or the NYLL, because neither has satisfied his obligation to provide sufficient detail about the length and frequency of his work while he was allegedly misclassified to support a claim of entitlement to overtime. The claims of eleven[1] of the remaining individual defendants have not set forth *any* allegations specific to them individually, purporting instead to rely entirely upon the insufficient allegations plead by the Representative Plaintiffs and the plaintiff Amir Azarcon ("Azarcon"). Accordingly, the claims of entitlement to unpaid overtime must be dismissed in their entirety. And, without that jurisdictional hook of a federal cause of action, Plaintiffs have no basis upon which to present their remaining causes of action to this Court, and those claims should be dismissed for lack of subject matter jurisdiction. Plaintiffs have already amended their pleadings

---

[1] Those eleven plaintiffs are Daniel Abbott, Elizabeth Ammerman, Sean Conway, Ryan Inwards, Blake Martin, Madison Murphy, Carlin Rollenhagen, Winston Tolliver, David Unich, Dylan Warmack and Fnan Ysahak.  All are referred to collectively with the Representative Plaintiffs and Azarcon as "Plaintiffs."

twice, and so dismissal should be without leave to replead. Because, according to Plaintiffs' own pleadings, the Second Amended Complaint represents their best efforts to adequately allege a cause of action, any additional attempts to amend the complaint would be futile.

## PRELIMINARY STATEMENT

In this action, Plaintiffs allege that Defendants (i) misclassified Plaintiffs as exempt employees and failed to compensate them for unpaid overtime under the FLSA (Count One) and the NYLL (Count Two) (collectively, the "wage and hour claims"); (ii) failed to provide hiring notices under the NYLL (Count Three); and (iii) failed to provide wage statements under the NYLL (Count Four). Plaintiffs, all former management-level employees of DSM NY, allege that they were misclassified as exempt from applicable wage payment laws while they were employed in at least one of three specific positions at DSM NY's clothing and fashion store: Assistant Floor Manager, Floor Manager and Sales Manager.

The Second Amended Complaint is Plaintiffs' third attempt to adequately plead causes of action under this theory (and their fourth attempt to correct inaccuracies in their initial pleading). After Defendants sought dismissal of their original complaint (Docket Doc. No. 48), Plaintiffs filed an amended complaint on January 28, 2022 (Docket Doc. No. 51). Upon realizing that the amended pleading (and the initial pleading before it) had misrepresented dates relevant to Herrera's employment (which opposing counsel characterized as a "technical error" – see Docket Doc. No. 52), Plaintiffs' counsel subsequently filed a corrected amended pleading on February 3, 2022 (Docket Doc. No. 54). When Defendants moved to dismiss that amended pleading on February 18, 2022 (Docket Doc. Nos. 61-62), Plaintiffs' counsel sought leave to amend the complaint once again rather than oppose the motion on its merits (Docket Doc. No. 63). Pursuant to the Court's subsequent order (Docket Doc. No. 64), counsel for Plaintiffs then filed a proposed second amended complaint, redlined against their prior pleading (Docket Doc. No 65).

Here too, however, Plaintiffs were compelled to correct *that* pleading because, in it, plaintiff Dylan Warmack ("Warmack") had misrepresented both his job title and the relevant dates of his employment (the latter by well over a year – see Docket Doc. No. 68).[2] Plaintiffs then filed a revised Second Amended Complaint on March 18, 2022 (Docket Doc. No. 70).

Defendants now move to dismiss that pleading as well, on the grounds that the Second Amended Complaint (like each iteration of Plaintiffs' pleading before it) fails to adequately allege that *each Plaintiff* worked in excess of forty hours in a given workweek, as it is incumbent upon each of them to do under applicable law. Notwithstanding the fact that twelve of the fourteen plaintiffs in this action are proceeding in their individual capacities, *none* of them identify a particular week in which they worked in excess of forty hours – and in fact, only one of them (Azarcon) provides any specificity as to the dates on which he claims to have worked at all. As for the Representative Plaintiffs, Hennager provides dates on which he left work after the scheduled conclusion of his shift – but fails to state either the times that he started working on those days, or the total number of hours that he worked in those weeks. Herrera identifies two weeks in which he worked in excess of forty hours – but importantly, does not (and *cannot*) state that he was employed as an Assistant Floor Manager, Floor Manager or Sales Manager during those weeks.

In an effort to distract the Court from these facts, the Second Amended Complaint relies upon artful pleading, hyperbole and a litany of wholly irrelevant allegations. But nowhere in its 211 paragraphs and 33 pages does the Second Amended Complaint contain the necessary degree

---

[2] Around this same time, Defendants put Plaintiffs' counsel on notice that Warmack had been classified as non-exempt and was paid on an hourly basis for the entirety of his employment with DSM NY, including while he was employed as an Assistant Floor Manager. Notwithstanding this fact, the Second Amended Complaint continues to allege that Warmack was misclassified as an exempt employee.

of specificity to allege that *any* of the Plaintiffs worked in excess of forty hours in a given week when they held *any* of the three job titles at issue in this litigation. If, as Plaintiffs claim, they were working in excess of forty hours with such regularity while holding these job titles with DSM NY, it should have taken little effort at all for each of them to identify at least one specific week as an example of a period for which they should have been paid overtime. The fact that, by their own admission, they remain unable to make such allegations (notwithstanding having been given multiple opportunities to do so) speaks volumes. Plaintiffs' claims of entitlement to unpaid overtime are a transparent attempt to create smoke where there is no fire, and they should be dismissed.

The Second Amended Complaint's remaining two claims sounding in alleged violations of the NYLL's notice provisions (Counts Three and Four) should be dismissed for lack of subject matter jurisdiction. Plaintiffs fail to state a cause of action under the federal FLSA and offer no other basis upon which to invoke this Court's supplemental jurisdiction over their state-law claims.

## RELEVANT FACTUAL ALLEGATIONS

### A.   GENERALIZED ALLEGATIONS PURPORTING TO APPLY TO ALL PLAINTIFFS

All of the Plaintiffs worked at DSM NY's store in New York City (Am. Cplt., ¶¶ 8, 12, 16, 21, 25, 30, 35, 39, 43, 47, 52, 56, 60, 64). For nine of them (Abbott, Ammerman, Inwards, Martin, Murphy, Tolliver, Unich, Warmack and Ysahak), the period relevant to their claims precedes January 1, 2018 (*id.*, ¶¶ 9, 13, 36, 40, 44, 53, 57, 61, 65).

In support of their claims of unpaid overtime, Plaintiffs allege that they were given titles of "Sales Manager," "Floor Manager," and/or "Assistant Floor Manager" during various time periods (*id.*, ¶¶ 9, 13, 17, 22, 26, 31, 36, 40, 44, 48, 53, 57, 61, 65), and that Defendants

"unlawfully denied overtime pay" to them while they held these positions and "worked four-five hours in excess of forty hours per week purely from their ostensible schedule" (*id.*, ¶¶ 1, 155). The duration of Plaintiffs' employment in these positions ranges from six months (*id.*, ¶ 17) to four years (*id.*, ¶ 57).

The Second Amended Complaint identifies no specific period of time in which the plaintiffs Abbott, Ammerman, Conway, Inwards, Martin, Murphy, Rollenhagen, Tolliver, Unich, Warmack and Ysahak (each of whom is proceeding in this action in an individual capacity, and *not* as a member of a purported class or collective (*id.*, ¶¶ 1-2)) worked in excess of forty hours in a given week. Instead, these plaintiffs attempt to rely on Hennager's and Azarcon's allegations concerning general working hours (*id.*, ¶¶ 151-64) and Azarcon's and Herrera's allegations concerning "Intermittent Hours" (*id.*, ¶¶ 165-78), discussed more fully below. All Plaintiffs assert that these allegations "reflect [their] best efforts to particularize their hours in excess of forty hours per week," and that they will need access to Defendants' books and records in order to identify with greater specificity weeks in which they worked in excess of forty hours (*id.*, ¶ 178).

## B.   AZARCON

According to the Second Amended Complaint, Azarcon worked at DSM NY from 2017 to 2018 (*id.*, ¶ 16). "From January 2018 to June 2018, Azarcon was employed as an Assistant Floor Manager, and was not paid overtime" (*id.*, ¶ 17). The Second Amended Complaint is silent as to the position that Azarcon held prior to January 2018.

Azarcon identifies two days on which he arrived early to work while employed as an Assistant Floor Manager, at 8:30 AM on March 16, 2018, and at some point prior to 8:56 AM (four minutes before the "opening" shift was scheduled to begin – see *id.*, ¶ 152) on March 24,

2018 (Am. Cplt., ¶ 157).  Azarcon does not allege the times he left work on those days, or the total hours he worked in either of the weeks that included March 16 and March 24, 2018.

Azarcon also claims that he worked overnight from September 8, 2017 to September 9, 2017 (*id.*, ¶ 172), during a period of time when he was *not* employed in the position of Assistant Floor Manager – a fact which he concedes in a footnote (*id.*, ¶¶ 17, 125 n.1).

## C.   HENNAGER

According to the Second Amended Complaint, Hennager worked at DSM NY from 2013 to 2018 (*id.*, ¶ 25.) "From December 2015 to August 2018, Hennager was employed first as a Sales Manager and then as an Assistant Floor Manager, and was not paid overtime" (*id.*, ¶ 26).

In an effort to adequately identify any period in which he worked in excess of forty hours in a given week, Hennager claims to have left work at 8:55 PM on November 2, 2017, at 8:53 PM on the following day, and at 8:17 PM on November 9, 2017 (*id.*, ¶ 159). The Second Amended Complaint is silent as to the times that he started working on those days, or the total number of hours worked in either of these weeks.

## D.   HERRERA

According to the Second Amended Complaint, Herrera held various positions with DSM NY from 2015 to 2021, certain of which are not at issue in this litigation (*id.*, ¶ 30). Specifically, in this action, Herrera seeks unpaid overtime for work performed in excess of 40 hours in a week during the following time periods:

- October 2017-March 2018 (while employed as an Assistant Floor Manager);

- March 2018-January 2019 (while employed as a Floor Manager ); and

- "Early 2020" – May 2021 (while again employed as a Floor Manager).

(Am. Cplt., ¶ 31.) The Second Amended Complaint is silent as to the positions that Herrera held prior to October 2017 – or crucially, from February 2019 to "early 2020."[3]

Herrera identifies two weeks in which his archived timesheets reflected work in excess of forty hours per week: from Monday, December 30, 2019, to Sunday, January 5, 2020, when his "archived timesheets reflect 52.85 hours of work," and the following week, from Monday, January 6, 2020 to Sunday, January 12, 2020, when "archived timesheets reflect 50.3 hours" (*id.*, ¶ 176). Herrera does not allege in the Second Amended Complaint that he was employed as a Floor Manager, Assistant Floor Manager or Sales Manager during either of these weeks (nor could he).

## ARGUMENT

A complaint is appropriately dismissed for failure to state a claim pursuant to Rule 12(b)(6) if it fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S., at 678. "Bald assertions and legal conclusions, or legal conclusions masquerading as facts need not be accepted as true by the Court." *Itakura v. Primavera Galleries, Inc.*, Index No. 08-cv-9027, 2009 U.S. Dist. LEXIS 55198, at *4 (S.D.N.Y. June 30, 2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). Similarly, "[a] pleading that offers 'label and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

---

[3] In his February 1, 2022 declaration in support of his and Hennager's motion for conditional certification, Herrera states that he was employed as a Senior Zone Manager during this time, and that he is "not alleging in this suit that [he is] entitled to payment of overtime for [his] time as a Senior Zone Manager" (Docket Doc. No. 57-3, ¶¶ 4(d) and 20). DSM NY's business records indicate that Herrera held the title of Zone Manager until March 2020.

do,'" nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S., at 678, *quoting Twombly*, 550 U.S. at 555.

**A.      THE SECOND AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT OVERTIME CLAIMS UNDER EITHER THE FLSA OR NYLL**

Plaintiffs represent that their allegations in the Second Amended Complaint "reflect [their] best efforts to particularize their hours in excess of forty hours per week." (Am. Cplt., ¶ 178.) Because their best efforts fall short of adequately stating a cause of action, Counts One and Two must be dismissed.

Section 207(a)(1) of the FLSA requires that a non-exempt employee working "in excess of" forty hours in a work week be compensated for those excess hours "at a rate not less than one and one-half times the regular rate at which [she or] he is employed." 29 U.S.C. § 207(a)(1). The NYLL adopts this same rule. 12 N.Y.C.R.R. 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in … the Fair Labor Standards Act of 1938"). In 2013, the Second Circuit Court of Appeals issued a series of three opinions articulating the standard required for a plaintiff to state cause of action sounding in the FLSA or the NYLL under *Twombly* and *Iqbal*. *See DeJesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85 (2d Cir. 2013), *Nakahata v. NY Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013) and *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013). In those opinions, the Court of Appeals held that a complaint must do more than simply allege generically that a plaintiff was not compensated for all hours worked, but must rather "allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy*, 711 F.3d at 114. This means that, under the FLSA and the NYLL, plaintiffs must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they

worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. Put another way, a pleading that "theoretically put[s] [a plaintiff] over the 40-hour mark in one or another unspecified week (or weeks)" is insufficient. *Lundy*, 711 F.3d at 115; *see also Nakahata*, 723 F.3d at 201.

In alleging that, "[d]uring the entire period of their employment, Plaintiffs regularly worked more than 40 hours per week for Defendants" (Am. Cplt., ¶ 137), they set forth precisely the sort of allegations that the Second Circuit Court of Appeals has stated are insufficient to state a cause of action. Indeed, the Second Amended Complaint fails to identify a *single work week* in which *any* of the Plaintiffs worked hours beyond 40 while employed as a Sales Manager, Assistant Floor Manager or Floor Manager. While Herrera has identified two weeks in January 2020 in which he worked more than 40 hours, the Second Amended Complaint is notably silent as to his job title during that period (*id.*, at ¶¶ 175-76).[4] Plaintiffs' other attempts to provide the requisite pleading specificity are similarly unavailing. This includes allegations that (i) Azarcon arrived to work early twice over two separate weeks (*id.*, ¶ 157); (ii) Azarcon worked overnight on one occasion *prior to* assuming his role as Assistant Floor Manager (*id.,* ¶¶ 17, 172); and (iii) Hennagar left work after his regularly scheduled quitting time on November 2, 3 and 9, 2017 (*id.*, ¶ 159). None of these allegations are sufficient to identify a specific workweek in which any

---

[4] As previously noted, on his pending motion for the issuance of court-authorized notice of pendency of this lawsuit, Herrera specifically *disclaims* entitlement to overtime during periods in which he held the title of Senior Zone Manager. See n.1, *supra*. According to DSM NY's business records, Herrera was employed as a Senior Zone Manager for the entirety of January 2020. In light of this information, Defendants are concerned that Herrera's identification of specific weeks in January 2020 during which he worked in excess of forty hours, coupled with his allegation that he became a Floor Manager in "early 2020," may be an attempt to mislead the Court. One of the reasons Defendants have requested oral argument on this motion is so that opposing counsel may answer any question the Court may have about Herrera's job title during this time period.

of these three plaintiffs would be entitled to overtime pay. Presumably, if Plaintiffs were working the sorts of long hours that the Second Amended Complaint alleges that they "regularly" (Am. Cplt., ¶ 151), "routinely" (*id.,* ¶ 156) and "typically" (*id.,* ¶ 158) worked, each of them would readily be able to identify one week as an example. Instead, they cite to isolated instances of working late or arriving early, together with allegations concerning periods of time when they held job titles not at issue in this litigation. This is insufficient to adequately state a cause of action under either the FLSA or NYLL.

The claims of plaintiffs Abbott, Ammerman, Conway, Inwards, Martin, Murphy, Rollenhagen, Tolliver, Unich, Warmack and Ysahak must be dismissed because the Second Amended Complaint is devoid of *any* allegations specific to them individually. Dismissal of these plaintiffs' claims is especially appropriate in light of the fact that each of them has elected to participate in this action, not as a member of the class or collective, but, according to their own pleadings, in their individual capacities. Under these circumstances, law in the Second Circuit requires evaluation of the factual allegations pled on behalf of each named plaintiff to determine their adequacy. *Lundy*, 723 F.3d at 114; *see also Murray v. City of New York, New York*, No. 16-CV-8072, 2017 WL 3531552, at *3-4 (S.D.N.Y. Aug. 16, 2017) (partially granting motion to dismiss as to those plaintiffs who failed to specify workweeks in which they were denied overtime pay); *Wolman v. Catholic Health Sys. Of Long Island, Inc.*, No. 10 Civ. 1326, 2011 U.S. Dist. LEXIS 48223, *11-12 (E.D.N.Y. May 5, 2011) (The "*Iqbal/Twombly* plausibility standard requires, at a minimum, factual allegations particular to each named Plaintiff, and which reflect that Plaintiff's own personal experiences"). Because these plaintiffs fail to "allege sufficient factual matter to state a plausible claim that they worked compensable

overtime in a workweek longer than 40 hours," *Lundy*, 711 F.3d at 114, their wage and hour claims must be dismissed.

This standard is especially salient here, where Plaintiffs held three different job titles for periods ranging from several months to several years, with many Plaintiffs' tenures not even overlapping with those of others. For example, Inwards alleges that he "was employed by Defendants at the Dover Street Market New York location in New York, New York from 2013-2015," and that, "[f]rom December 2013 to September 2015, [he] was employed as an Assistant Floor Manager, and was not paid overtime" (Am. Cplt., ¶¶ 35-36). However, the Second Amended Complaint fails to allege that Inwards *ever* worked in excess of 40 hours in a given week – or even if he did, that the week in question fell within the approximately three-month time period running from June 3, 2015 (six years prior to the filing of this action) to the end of his employment in September 2015. Inwards was placed on notice of this defect when Defendants raised this very point in their memorandum of law in support of their motion to dismiss Plaintiffs' original complaint (Docket Doc. No. 48, at 4-5). The fact that Inwards and the other Plaintiffs failed to cure defects of this sort, even after being placed on notice of the need to do so, is proof that they are unable to adequately allege entitlement to a claim of unpaid wages.

Since the Second Circuit Court of Appeals issued *DeJesus*, *Nakahata* and *Lundy* in 2013, reviewing courts in this Circuit have routinely held that pleadings such as those proffered in the Second Amended Complaint fail to state a cause of action. For example, the complaint in *Bustillos v. Academy Bus, LLC*, 13-cv-565, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014), alleged that the plaintiff "regularly worked in excess of forty (40) hours per workweek" and was not paid an overtime premium for that work. The court applied *DeJesus*, *Nakahata* and *Lundy* to dismiss the complaint upon a finding that the allegation "boils down to a conclusory

assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some unidentified week." *Id. See also Johnson v. Equinox Holdings, Inc.*, 13-cv-6313, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014) (claim dismissed where plaintiff alleged that he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"), *Amponin v. Olayan America Corp.*, 14-cv-2008, 2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. March 16, 2015) (dismissing FLSA and NYLL claims because the allegations in the complaint "identify neither a specific week during which [the plaintiff] worked more than forty hours, nor the specific number of hours she worked during any such week. Without such key information, the court can only speculate as to whether plaintiff worked more than 40 hours in any particular week without receiving overtime pay") and *Ramirez v. Temin & Co.*, 20-cv-6258, 2021 U.S. Dist. LEXIS 183760, *54 (S.D.N.Y. Sept. 24, 2021) ("Here, Ramirez fails to adequately plead a claim for failure to pay overtime wages. Her allegations, that she consistently worked more than forty hours a week (at times fifty and sixty hours), are equivalent to those rejected in *DeJesus* and *Bustillos*; her complaint does not allege specific hours worked in any given week, but instead alleges only that she regularly worked over forty hours").

The Court should reject Plaintiffs' proposition that they will be able to provide additional specific factual allegations "[o]nce time records are produced, along with emails and other documents evincing what hours Plaintiffs worked" (Am. Cplt., ¶ 178). At the pleadings stage, the onus is on the Plaintiffs to "allege sufficient factual matter to state a plausible claim." *Lundy*, 711 F.3d at 113-14. More specifically, in order to survive dismissal, Plaintiffs must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.

At the pleadings stage, it is not enough for Plaintiffs to merely speculate that time records will bear fruit in their favor. "[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (citations omitted) (emphasis in original). This well-developed body of case law mandates dismissal of the Second Amended Complaint, which fails to identify specific time periods in which each of the Plaintiffs worked more than 40 hours while holding the job title of Sales Manager, Assistant Floor Manager or Floor Manager. *Fallon v. 18 Greenwich Ave., LLC*, No. 1:19-CV-9579-MKV, 2021 WL 1105066, at *6 (S.D.N.Y. Mar. 23, 2021) ("Plaintiff . . . cannot maintain an FLSA overtime claim because he fails to allege a single week where he worked over forty hours.") These allegations fail to state a claim as a matter of law.[5]

**B.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS**

Other than Count One, Plaintiffs' claims are brought under state law. As the above demonstrates that Plaintiffs' wage and hour claims should be dismissed, the Court has no basis upon which to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

---

[5] To further underscore the importance of requiring each plaintiff to proffer particularized allegations specific to their experience, Defendants submit that Warmack was never classified as exempt while employed by DSM NY – even during the periods of time in which he was classified as an Assistant Floor Manager. On March 16 and March 18, 2022, the undersigned placed counsel for Plaintiffs on notice of Warmack's classification as non-exempt, along with documentary evidence reflecting that fact, and requested that Warmack's claims be withdrawn. Opposing counsel has not done so. Defendants have advised Warmack and his counsel that they expressly reserve all rights with regard to his continued prosecution of the claim that he was misclassified.

Federal district courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court's decision to exercise supplementary jurisdiction over the state claims is discretionary. *See City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997). Specifically, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The Second Circuit and Supreme Court have both held that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie–Mellon University*, 484 U.S. 343, 349-50, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"). Courts routinely decline to exercise supplemental jurisdiction over state claims where an FLSA claim has been dismissed. *See, e.g.*, *Oliver v. Rio Acquisition Partners, LLC*, No. 18 Civ. 1794, 2019 WL 801952 (S.D.N.Y. Feb. 21, 2019); *Chen v. Major League Baseball*, 6 F. Supp. 3d 449 (S.D.N.Y. 2014), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015); *Mokrov, et al. v. Aeroflot Russian Airlines, et al.*, No. 20 Civ. 588, 2021 WL 2435801 (S.D.N.Y. June 15, 2021).

The Court should likewise decline to exercise supplemental jurisdiction in the instant case. The only basis for jurisdiction over Plaintiffs' state law claims set forth in the Second Amended Complaint is 28 U.S.C. § 1367. (Am. Cplt., ¶ 3.) Plaintiffs assert no independent basis for this Court to exercise jurisdiction over their state-law claims. Coupled with the fact that this action is still in its infancy, judicial economy, convenience, fairness and comity all favor dismissal of Plaintiffs' state-law claims as being wholly derivative of their underlying inadequately pleaded claim for unpaid overtime premiums.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Second Amended Complaint be dismissed in its entirety, and that the Court grant to Defendants such other and further relief that it deems warranted.

Dated: New York, New York.
  April 8, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


By: */s/*         
  Lyle S. Zuckerman
  Michael J. Goettig

1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Tel: (212) 603-6498
*Attorneys for Defendants Comme Des*
*Garcons, Ltd., Dover Street Market New York*
*LLC, Elaine Beuther, and James Gilchrist*