UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------ x

GABRIEL    HERRERA    and    CURTIS
HENNAGER, individually and on behalf of all
others similarly situated,

DANIEL ABBOTT, ELIZABETH AMMERMAN,
AMIR AZARCON, SEAN CONWAY, RYAN
INWARDS, BLAKE MARTIN, MADISON
MURPHY,    CARLIN    ROLLENHAGEN,
WINSTON   TOLLIVER,   DAVID   UNICH,
DYLAN WARMACK, and FNAN YSAHAK,
individually,

                     Plaintiffs,

              - against -

COMME  DES  GARCONS,  LTD.,  DOVER
STREET MARKET NEW YORK LLC, ELAINE
BEUTHER and JAMES GILCHRIST,

                     Defendants.

------------------------------------------------------------------ x

Case No. 21 CV 4929 (VEC)

<br>

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas
21st Floor
New York, New York  10020
+1 (212) 489-8230
*Attorneys for Defendants Comme Des
Garcons, Ltd., Dover Street Market New York
LLC, Elaine Beuther, and James Gilchrist.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ......................................................................................... 1

ANALYSIS ...................................................................................................................... 1

    A.    The Opposition Misconstrues Second Circuit Precedent....................................... 1

        1.    Plaintiffs' Statement Of Facts Provides No Additional Particularity ......... 1

        2.    Plaintiffs' Cited Case Law Confirms That The SAC Should Be
Dismissed ................................................................................................ 3

    B.    Plaintiffs' Attempts to Mischaracterize and/or Distinguish Defendants'
Arguments Are Unavailing ................................................................................... 6

        1.    Plaintiffs Concede By Their Silence that Allegations Concerning
Azarcon, Hennager and Herrera are Insufficient ....................................... 6

        2.    The SAC – Not the Moving Papers – is "Fundamentally Flawed" ............ 7

        3.    Plaintiffs' Efforts to Distinguish Controlling Law Fail ............................. 8

    C.    Plaintiffs Again Violate Procedural Rules By Requesting Sanctions Against
Defendants .......................................................................................................... 10

CONCLUSION............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Chime v. Peak Sec. Plus, Inc.*,
137 F.Supp.3d 183 (E.D.N.Y. 2015) .......................................................................8

*DeJesus v. HF Mgmt. Servs., LLC*,
726 F.3d 85 (2d Cir. 2013).................................................................................3, 6

*Fridman v. GCS Computer, LLC*,
No. 17 Civ. 6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ...........................2

*Kuck v. Planet Home Lending, LLC*,
354 F.Supp.3d 162 (E.D.N.Y. 2018) ...................................................................4, 5

*Lipiro v. Remee Prod.*,
75 F. Supp. 2d 174 (S.D.N.Y. 1999)......................................................................10

*Murray v. City of New York*,
No. 16 Civ. 08072, 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) ......................8, 9

*Wolman v. Cath. Health Sys. of Long Island, Inc.*,
No. 10-CV-1326 JS ETB, 2011 WL 1741905 (E.D.N.Y. May 5, 2011)...............5, 9

## Court Documents

*Chime v. Peak Sec. Plus, Inc.*,
No. 13 Civ. 00470, Docket Doc. No. 61 ..................................................................8

## Rules

Fed. R. Civ. P. 11(c)(1)(A) ...................................................................................10

## PRELIMINARY STATEMENT

In their attempt to excuse their inability to set forth particularized facts which identify specific workweeks in which *each of the Plaintiffs*[1] worked in excess of 40 hours with the title Sales Manager, Assistant Floor Manager, or Floor Manager, Plaintiffs continue to rely upon only the generalized allegations asserted in the SAC.  However, as the precedent cited by the Plaintiffs themselves makes clear, this is insufficient.  In declining to dismiss overtime wage claims, the courts in those cases relied upon very specific allegations, such as the precise amount of time that each individual plaintiff worked in a particular workweek and the specific tasks they performed during the overtime hours.  The Opposition does not alter the fact that Plaintiffs offer nothing other than sweeping generalizations that identify only three of them by name.  Even more critically, the Opposition provides no authority to salvage the claims of the remaining eleven plaintiffs, all of whom who have commenced this action in their individual capacities, and who impermissibly attempt to ride the coattails of those insufficient allegations (because, by their own admission, they cannot set forth facts tailored to their individual claims).  Accordingly, the Court should dismiss the Second Amended Complaint (or "SAC") in its entirety.

## ANALYSIS

**A.    The Opposition Misconstrues Second Circuit Precedent**

**1.    Plaintiffs' Statement Of Facts Provides No Additional Particularity**

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint (the "Opposition" or "Opp.") is chock-full of mere regurgitation of the SAC's allegations, which they attempt to recast as purporting to claim that each Plaintiff, without fail, worked 18 uncompensated overtime hours (phrased as "Regular Hours") in every relevant workweek, as well as additional, uncompensated "intermittent" overtime hours. (Opp.,

---

[1] Capitalized terms not defined herein have the meanings assigned to them in Defendants' moving memorandum.

at 3-4.) Plaintiffs then introduce two charts, but neither does anything more than cite back to the wholly conclusory allegations in the SAC, and thus fail to set forth additional, specified facts required to meet *Twombly* and *Iqbal's* plausibility standard. (*Id.* at 5-6.)  The charts (and, for that matter, the SAC) do not, for instance, identify individual tasks that each Plaintiff worked on outside of normal work hours, nor the precise – or even individually estimated – hours each Plaintiff worked.

Plaintiffs concede that their calculations for "Reg. Overtime Hours" in the first chart "[were] calculated by multiplying the total weeks figure by 18, the number of 'Regular Hours' above 40/week Plaintiffs worked during every week of their tenure in their relevant titles. [SAC], ¶ 164." (Opp., at n. 2.) Thus, rather than basing their supposed visual aid on factual assertions particularized to each Plaintiff (which Plaintiffs cannot do because they do not exist), they instead merely cite to the generalized allegation in the SAC that "Plaintiffs worked approximately eighteen Regular Hours in excess of forty hours per week . . . ." (SAC, ¶ 164.) This presents an oddly specific work schedule which the Opposition attempts to impute to each of the fourteen Plaintiffs.  If such an allegation were sufficient to nudge the SAC over the plausibility threshold, then *Lundy* and its progeny would be rendered meaningless.

The second chart cites to the same, conclusory SAC allegations as the basis for their calculations of intermittent overtime hours, and thus also does nothing to save the SAC from dismissal.  *Fridman v. GCS Computer, LLC*, No. 17 Civ. 6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ("Plaintiff needs to provide content and context to his allegations to make his overtime claim plausible") (citations and alterations omitted).

**2.     Plaintiffs' Cited Case Law Confirms That The SAC Should Be Dismissed**

Plaintiffs claim that "[v]irtually innumerable Courts have held that factual pleadings well-short of what Plaintiffs present here satisfy the standards of *Lundy*, *Nakahata* and *DeJesus*." (Opp., at 9.)  This is not so.  On the contrary, each of the cases Plaintiffs cite in support of that contention included <u>far more</u> factual allegations than what Plaintiffs have asserted in the Second Amended Complaint.  In *Lawtone-Bowles*, for example, the complaint described <u>for each individual plaintiff</u>:

   (i)    the number of shifts worked per week;

   (ii)   the number of hours in each shift;

   (iii)  the precise amount of time automatically deducted for meal periods;

   (iv)   the precise amount of time the *individually-named plaintiffs* arrived early to work to perform specifically-enunciated tasks, such as "retrieving equipment and vehicle keys, walking to the parking garage to retrieve the vehicle, [and] cleaning the vehicle and taking it for repairs"; and

   (v)    the precise number of times each plaintiff worked through their breaks. Indeed, the complaint in that case included paragraphs dedicated to each individual plaintiff, describing, in detail, the particularized tasks they completed without compensation.

2017 U.S. Dist. LEXIS 155140, *8 (S.D.N.Y. Sept. 22, 2017) (referencing passages in the pleading which "give specific examples as to" each of these categories, on an individual basis, for four of the six plaintiffs).  For all but two of the six plaintiffs in *Lawtone-Bowles*, the complaint cited <u>specific weeks</u> in which they worked more than 40 hours. Concerning the remaining two plaintiffs, the Court acknowledged "Defendant's arguments for dismissal are stronger here." *Id.* at *4. The Court ultimately denied dismissal as to those two plaintiffs, but only because the complaint still offered specific factual allegations <u>relating individually to each of those two plaintiffs</u>:

> For Predmore and Tobin, in addition to the generalized claims made with respect
> to all six named plaintiffs, Plaintiffs offer certain specifics. The Amended
> Complaint alleges that Predmore arrives "approximately 20 to 30 minutes before
> the start of his shift and performs pre-shift activities," including "checking emails,
> filling the vehicle's fuel tank, cleaning the vehicle[,] taking the vehicle for repairs,
> and transporting families and individuals to and from placement sites, airports and
> train stations." *Id.* ¶ 16. When he performs these activities, as well as when he
> "performed work activities identified above during his meal periods," it causes
> him "to work in excess of 40 hours per week, for which he is not
> compensated." *Id.* The specifics offered for Plaintiff Tobin are similar in form and
> substance. *Id.* ¶ 17.

2017 U.S. Dist. LEXIS 155140, *8.  Plainly, this level of particularity is lacking from the SAC.

The next case cited by Plaintiffs, *Paganas v. Total Maint. Sol., LLC*, is inapposite for a number of reasons.  First, that opinion was decided on a motion for summary judgment rather than a motion to dismiss.  Second, the issue presented on this motion – whether each plaintiff in a multi-plaintiff action must plead facts specific to their work experience in order to satisfy the *Lundy* pleading standard – was not at play in *Paganas* (because *Paganas* involved only one plaintiff).   And finally, the *Paganas* Court explicitly noted that the plaintiff provided the following specific details about his work schedule directly (which passage the Plaintiffs failed to cite in their Opposition):

> Here, plaintiff sufficiently alleged that tallying the number of hours he worked
> each week would exceed forty hours. Compl. at ¶¶ 36–38. He provided a calendar
> from the University he received during discovery. The calendar lists specific
> events, as well as the date and time during which they occurred: plaintiff marked
> the events at which he worked.

220 F. Supp. 3d 247, 257–58 (E.D.N.Y. 2016), *vacated,* 726 F. App'x 851 (2d Cir. 2018).  Indeed, the Court noted that a trier of fact could specifically identify when the individual plaintiff worked in excess of 40 hours per week based on the evidence. *Id.* at 258. Each case cited by Plaintiffs which denies dismissal follows similar reasoning.

In *Kuck v. Planet Home Lending, LLC*, 354 F.Supp.3d 162 (E.D.N.Y. 2018) (cited in Opp. at 10, 13), a motion to dismiss was filed based upon the precise arguments asserted herein

4

by Defendants. There, as here, once the defendants pointed out the deficiencies in the complaint, the plaintiffs quickly filed an amended complaint – but in contrast to the Plaintiffs' SAC, the amended pleading in *Kuck* asserted allegations <u>specific to each individual plaintiff</u>. 354 F.Supp.3d, at 168 (referencing the allegations in the amended pleading that alleged that each of the two plaintiffs individually worked in excess of 40 hours per week). The Court denied the motion to dismiss as moot, because the Court exercised its discretion to deem the delinquent amended pleading to be the operative pleading and determined that the plaintiffs addressed the concerns raised by the defendants. *Id.*, at 170.

Each case cited by Plaintiffs' reinforces that a claim for unpaid overtime wages must be supported by factual allegations particularized for each plaintiff, and cannot be saved by generalized conclusory assertions on behalf of all plaintiffs. In many of the cases, the plaintiffs likewise identified specific workweeks in which they worked in excess of 40 hours. Here, aside from a handful of allegations concerning Hennager, Azarcon and Herrera (which Plaintiffs appear to concede by their silence are insufficient to save the SAC from dismissal (*see* Docket Doc. No. 75 (the "Moving Papers"), at 5-7, 9-10)), the SAC asserts no allegations specific to any of the individual Plaintiffs, nor identifies specific workweeks in which each of them worked in excess of 40 hours.

The principle of particularization is especially relevant here, where 12 of the 14 Plaintiffs elected to pursue their claims <u>not</u> as a part of the FLSA collective but rather in their individual capacities. (Moving Papers, at 10-11.) Thus, the Court should examine the specifics of each of those Plaintiffs' claims to determine whether they satisfy *Lundy*. *Wolman v. Cath. Health Sys. of Long Island, Inc.*, No. 10-CV-1326 JS ETB, 2011 WL 1741905, at *3 (E.D.N.Y. May 5, 2011) ("the *Iqbal/Twombly* plausibility standard requires, at a minimum, factual allegations particular to each named Plaintiff, and which reflect that Plaintiff's own personal experiences").

Accordingly, Plaintiffs' overtime claims under the FLSA and NYLL should be dismissed in their entirety.

## B.    Plaintiffs' Attempts to Mischaracterize and/or Distinguish Defendants' Arguments Are Unavailing

Contrary to Plaintiffs' inflammatory assertions, Defendants do not contend that *Lundy*, *Nakahata*, and *DeJesus* require "mathematical precision" (Opp., at 12) (citing *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013)).  Rather, Defendants' position is simply that these Second Circuit decisions require far more specificity than what Plaintiffs have provided. Indeed, this has been confirmed by the very case law cited by Plaintiffs, as discussed above.

### 1.    Plaintiffs Concede By Their Silence that Allegations Concerning Azarcon, Hennager and Herrera are Insufficient

Far from arguing that Plaintiffs must "recall the exact time they started and ended their workday," Defendants simply point out that the SAC fails to identify *even one workweek* in which *any* of the Plaintiffs worked more than 40 hours while holding a relevant title. (Opp., at 12; Moving Papers, at 9.)  Plaintiffs' feeble attempts on this front include asserting that Azarcon arrived early one day and late another during two separate weeks; that Azarcon worked overnight once before he assumed a relevant title; and that Hennager left work late on three separate days. (Moving Papers, at 9.)  The Opposition doesn't even attempt to argue that these allegations are sufficient to demonstrate that either Azarcon or Hennager worked in excess of forty hours in any of the referenced weeks.  What's more, even if these allegations were sufficient to save Azarcon's and Hennager's claims from dismissal (which they are not), they may not be imputed to any of the other Plaintiffs.

The last factual allegation that even attempts to provide the requisite specificity claims that Herrera worked beyond 40 hours for two weeks in January 2020. (*Id.*)  However, as set forth in the Moving Papers, it appears that Herrera's title at that time was *Senior Zone Manager*,

which is *not* a proposed title under the FLSA collective.[2] Herrera explicitly stated that in this role he "spen[t] a substantial amount of time on managerial tasks, and it was not a fraudulent title . . . <u>I am not alleging in this suit that I am entitled to payment of overtime for my time as Senior Zone Manager</u>." (Docket Doc. No. 57-3, at 2, 4.)   Accordingly, not only is this assertion inapplicable to any other Plaintiff, but it has nothing to do with Herrera's allegations of unpaid overtime.

Defendants also contend that Plaintiffs' descriptions of "intermittent hours" are equally vague and conclusory and do nothing to shore up the sufficiency of the SAC.  Plaintiffs describe "Tachiagari," and state that the event was "typically" held in early January and June/July. (Complaint, at ¶ 165.)  However, to support their vague allegation, Plaintiffs describe only two such events in 2018 (notwithstanding that, according to the SAC itself, only four of the fourteen Plaintiffs – Azarcon, Hennager, Herrera and Rollenhagen – even held a position characterized as that of "Glorified Sales Associate" in June of 2018.  Plaintiffs' other scattershot "examples" of time worked in the "intermittent hours" section of the Complaint are equally non-descript, and provide no basis to contend that their overtime claims cross the threshold of plausibility.

### 2.    The SAC – Not the Moving Papers – is "Fundamentally Flawed"

Plaintiffs' argument that the Motion to Dismiss is "fundamentally flawed" because it cites general principles without examining the particulars of Plaintiffs' pleadings is simply incorrect.  If that were true, Plaintiffs would not have felt compelled to amend their pleadings following Defendants' initial motion to dismiss, which asserted a nearly identical argument addressing Plaintiffs' conclusory allegations. (Docket Doc. Nos. 47-48.)

---

[2] Because the Opposition is conspicuously silent in response to the issue presented in the Moving Papers of Herrera's title in January 2020 (see Moving Papers, at 9 n.4), Defendants once again respectfully request oral argument so that the question of Herrera's title during this period may be put to Plaintiffs' counsel in open court.

Defendants do not dispute that the pleading standard may account for specific factual contexts, but Plaintiffs' citation to *Chime v. Peak Sec. Plus, Inc.*, 137 F.Supp.3d 183 (E.D.N.Y. 2015) (see Opp., at 14) for this principle avails them of nothing.  The *Chime* court made clear that the "salient corollary from the *Lundy-Nakahata-Dejesus* triumvirate is that an FLSA plaintiff must provide a certain degree of specificity as to uncompensated hours worked <u>during a particular week</u>." *Id.* at 196 (emphasis in original). The *Chime* Court further explains that these cases emphasize that FLSA plaintiffs must specify that they were scheduled to work 40 hours <u>in a given week</u>. *Id.*   The *Chime* complaint described the plaintiff's <u>particular weekly work schedule</u>, and provided <u>six different examples</u> of weeks in which he "worked six (6) or more eight (8) hour shifts," with dates. (*See Chime v. Peak Sec. Plus, Inc.*, No. 13 Civ. 00470, Docket Doc. No. 61, at ¶¶ 33-34, 39.)  Indeed, with respect to the allegation identifying the workweeks in which the Plaintiff worked more than 40 hours, the Court stated "[t]his allegation provides the precise specificity – *i.e.,* work in excess of forty hours in a *given work week* – mandated by *Lundy* and its progeny," and described the specific allegation as "critical." (*Chime*, 137 F.Supp.3d at 197) (emphasis in original).  Here, despite including fourteen plaintiffs in the action, Plaintiffs have not specified even a single workweek in which any of them worked more than 40 hours.

### 3.     Plaintiffs' Efforts to Distinguish Controlling Law Fail

Plaintiffs' attempts to distinguish the cases cited by Defendants are unavailing.  For example, that *Murray v. City of New York*, No. 16 Civ. 08072, 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) involved municipal employees and state statutes is of no relevance.  Contrary to Plaintiffs' assertions, the plaintiffs in that case asserted claims for unpaid overtime in the form of (i) unpaid nightshift differentials (Count II); and (ii) misclassified overtime hours (Count III). *Id.* at *1-*2.  Essentially, the plaintiffs claimed that they worked during a period of time that

required an increased pay rate that they did not receive. This assertion speaks to the very heart of

the claims at issue in this case – chiefly, that Plaintiffs claim they were not compensated at the

rate to which they were entitled. In analyzing the claims, the Court relied on the principles set

forth in *Lundy* and *Nakahata*. 2017 WL 3531552, at *2.  The Court noted that only one of the

eleven plaintiffs identified a specific period of time in which they were entitled to the nightshift

differential but did not receive it. The Court then dismissed the remaining plaintiffs' nightshift

differential claims, holding "[a] plaintiff who does not allege the performance of any work that

falls within the nightshift differential has failed to state a FLSA claim based on the differential."

*Id.*, at *3. This analysis is plainly relevant here, where none of the Plaintiffs identified any

specific periods of time in which they were entitled to overtime pay.

In *Wolman v. Catholic Health System of Long Island, Inc.*, No. 10 Civ. 1326, 2011 WL

1741905 (E.D.N.Y. May 5, 2011), after engaging in an analysis of the pleadings under the

*Iqbal/Twombly* "plausibility" standard, the Court directed the plaintiffs to "provide a more

definitive statement as to their FLSA and NYLL claims." *Id.* at *3.  While the Court did address

which entity constituted an "employer," it also added an entirely separate point:

> Additionally, another of the Court's concerns supports this course of action . . .
> the *Iqbal/Twombly* plausibility standard requires, at a minimum, <u>factual
> allegations particular to each named Plaintiff, and which reflect that Plaintiff's
> own personal experiences</u>. It is not enough to simply parrot, word-for-word, the
> vague and conclusory allegations used in more than a dozen actions. On the
> contrary, what Plaintiffs have done is a vivid demonstrative of how not to plead.

(*Id.*) (internal citations and quotations omitted).  Although the *Wolman* court allowed the

plaintiffs to file an amended pleading, Plaintiffs here admit that a third amended pleading would

be of no utility because the allegations in the SAC already "reflect [their] best efforts to

particularize their hours in excess of forty hours per week." (SAC, ¶ 178.)[3]   Accordingly, it would be futile to grant Plaintiffs leave to file yet another amended pleading in an effort to find a claim of unpaid overtime where one will not lie.

### C.     Plaintiffs Again Violate Procedural Rules By Requesting Sanctions Against Defendants

Plaintiffs argue that they are entitled to an award of attorneys' fees for "having to brief a baseless motion." (Opp., at 18.)   As a threshold matter, Plaintiffs' characterization of Defendants' motion as "baseless" is belied by the papers already before the Court. Far from being baseless, Defendants' motion should be granted because Plaintiffs have once again failed to satisfy their pleading burden.   Beyond that, however, Plaintiffs' request that the Court enter an award of fees lays bare not only their litigation strategy of imposing the greatest amount of fees and expenses as possible on Defendants, but also their cavalier approach to the Federal Rules of Civil Procedure.   By seeking this relief, Plaintiffs have once again failed to follow the basic procedural requirements set forth by the Federal Rules and the Second Circuit.   "A motion for sanctions . . . shall be made separately from other motions or requests [and] shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn or appropriately corrected."  Fed. R. Civ. P. 11(c)(1)(A). "Courts have refused to award sanctions based on the failure to comply with these procedures." *Lipiro v. Remee Prod.*, 75 F. Supp. 2d 174, 177 (S.D.N.Y. 1999) (internal citations omitted).   On this basis alone, the Court should deny Plaintiffs' requested relief.

---

[3] Plaintiffs' additional arguments regarding the authority cited by Defendants in their Moving Papers are nothing more than petty attempts to squabble over the allegations asserted in the underlying complaints in those actions. They do not warrant a response.

## CONCLUSION

For these reasons as well as those set forth in its moving memorandum, Defendants respectfully submit that the Second Amended Complaint must be dismissed in its entirety, with prejudice, and that Defendants should be awarded such other and further relief as the Court deems appropriate.

Dated: New York, New York               Respectfully submitted,
      May 13, 2022

DAVIS WRIGHT TREMAINE LLP


By:  */s/*

    Michael J. Goettig
    Lyle S. Zuckerman
    Erik D. Mass

1251 Avenue of the Americas
21st Floor
New York, New York  10020
+1 (212) 603-6498
*Attorneys for Defendants Comme Des Garcons, Ltd., Dover Street Market New York LLC, Elaine Beuther, and James Gilchrist*

11