```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/12/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GABRIEL HERRERA, CURTIS HENNAGER,             :
Individually and on behalf of all others similarly :
situated, and                                  :
                                               :
                                               :    21-CV-4929
DANIEL ABBOTT, ELIZABETH                       :
AMMERMAN, AMIR AZARCON, SEAN                   :    OPINION AND ORDER
CONWAY, RYAN INWARDS, BLAKE                    :
MARTIN, MADISON MURPHY, CARLIN                 :
ROLLENHAGEN, WINSTON TOLLIVER,                 :
DAVID UNICH, DYLAN WARMACK, FNAN               :
YSAHAK, individually,                          :
                                               :
                            Plaintiffs,        :
                                               :
                -against-                      :
                                               :
COMME DES GARÇONS, LTD., DOVER                 :
STREET MARKET NEW YORK LLC, ELAINE             :
BEUTHER, JAMES GILCHRIST,                      :
                                               :
                            Defendants.        :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

This is a putative collective action brought by fourteen individuals against two fashion companies and their principals primarily for unpaid overtime compensation. In a nutshell, Plaintiffs' primary complaint is that they were misclassified as exempt employees and were, therefore, not paid an overtime premium for hours worked in excess of forty hours a week in violation of the Fair Labor Standards Act ("FLSA").[1] Defendants move to dismiss the Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil

---

[1] Plaintiffs allege that the failure to pay them overtime also violated the New York Labor Law ("NYLL"). *See* SAC, Dkt. 70 ¶¶ 198–203. In addition to the overtime claims, Plaintiffs assert NYLL violations for failure to provide hiring notices under NYLL § 195(a) and failure to provide wage statements under NYLL § 195(3). *See* SAC ¶¶ 204–11. Because Plaintiffs' claims under FLSA must be dismissed for failure to state a claim and because the Court declines to take supplemental jurisdiction over the state law claims, the Court will not discuss any of the Plaintiffs' state law claims.

Procedure 12(b)(6).[2] *See* Defs. Mem. of Law, Dkt. 75 at 1. For the following reasons, Defendants' motion to dismiss is GRANTED.[3]

## BACKGROUND

At various times between 2013 and 2021, each of the Plaintiffs was employed by DSMNY, an upscale clothing store. SAC, Dkt. 70 ¶¶ 7–66. At various points during his or her employment, each Plaintiff held the title of Sales Manager, Floor Manager, or Assistant Floor Manager. *Id.* ¶ 128. According to Plaintiffs, these titles did not accurately reflect their duties, which were those of a regular sales associate.[4] *Id.* ¶ 128. Plaintiffs claim that at all times when they held those titles, they were misclassified as exempt employees. *Id.* ¶ 139. They further claim that they are entitled to unpaid overtime compensation because they worked in excess of forty hours per week throughout the time they were misclassified. *Id.* ¶¶ 128, 139, 164.

The SAC is long on generalities and short on specifics. Plaintiffs collectively allege that they "worked approximately eighteen . . . [h]ours" of overtime for every week they were

---

[2] This is actually Plaintiffs' fifth attempt adequately to state a claim. *See* Comp., Dkt. 1; First Am. Compl., Dkt. 51; First Am. Compl., Dkt 54; SAC, Dkt. 65; SAC, Dkt. 70. Plaintiffs first amended their Complaint in response to Defendants' first motion to dismiss, which outlined the same pleading failures for which the Court dismisses the SAC. *See* Mot. to Dismiss, Dkt. 47; First Am. Compl., Dkt 51. They then "re-amended" that complaint after learning that they had misstated Plaintiff Herrera's dates of employment. First Am. Compl., Dkt. 54. Defendants filed a second motion to dismiss arguing that Plaintiffs had failed to address many of Defendants' critiques of their original complaint. *See* Mot. to Dismiss, Dkt. 61. Plaintiffs then filed a second amended complaint, attempting to respond to arguments raised in the Defendants' motion to dismiss. *See* SAC, Dkt. 63. Plaintiffs requested to amend that complaint yet again after learning that they had misstated Plaintiff Warmack's dates of employment. Mot. for Leave to Amend, Dkt. 68. Despite these numerous opportunities to cure the deficiencies in their Complaint, Plaintiffs have failed to address the basic pleading deficiencies that Defendants raised more than three months before the operative complaint was filed.

[3] Plaintiffs have also moved for conditional certification of a collective. Mot. to Certify Class, Dkt. 56. Because the motion to dismiss is granted, the motion for collective certification is denied as moot.

[4] Plaintiffs allege that although they were technically managers, their primary duty was sales, SAC ¶ 142, and they were not required to use discretion or independent judgment in their work, *id.* ¶ 129. Plaintiffs also allege that they did not have the authority to hire or fire other employees, *id.* ¶ 130, or make operational decision, *id.* ¶ 134, and they did not regularly direct the work of two or more full time employees or make schedules, *id.* ¶ 131. The Court assumes, without deciding, that the SAC adequately alleges that the Plaintiffs were misclassified as exempt employees and therefore were entitled to overtime pay when they worked in excess of forty hours in a workweek.

2

misclassified. *Id.* ¶ 164. They derive that amount by alleging that they were required to arrive early to their shifts, work beyond their scheduled shift due to closing duties, work during lunch breaks, and engage in post-work duties like drafting reports. *Id.* ¶¶ 151–64. Plaintiffs claim that they worked longer hours during seasonal peaks of activity when they were responsible for managing sales and inventory changeover and during weeks when there were morning managerial meetings. *Id.* ¶¶ 165–74. In one of the few specifics, Plaintiffs allege that whoever was employed during seasonal peaks in the weeks of January 7, 2018, and July 8, 2018, was required to work thirteen-hour shifts, resulting, they assert, in twenty-six hours of uncompensated overtime during those two weeks. *Id.* ¶ 168. Plaintiffs Azarcon, Herrera, and Hennager individually allege certain specifics about their working hours on certain seemingly-random dates.

## DISCUSSION

**I.      Legal Standard for a Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must allege sufficient facts . . . to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In assessing a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiffs. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). The Court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## II. Plaintiffs Fail to State a Claim to FLSA Violations

Although FLSA and NYLL claims are "analytically identical," *Lundy v. Cath. Health Sys. of Long Island, Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) (citation omitted), because Plaintiffs have failed to state a claim under the FLSA and the Court's subject matter jurisdiction is predicated on federal question jurisdiction, SAC ¶ 3, the Court will not address Plaintiffs' state law claims. The FLSA requires covered employees to "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys, Inc.*, 723 F.3d 192, 200 (citing U.S.C. § 207(a) (2006)).

For a complaint "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *Lundy*, 711 F.3d at 114. "[A] generalized claim of a failure to pay overtime, unaccompanied by any allegation as to what specific workweek the plaintiff worked overtime, or by how many hours for any specific workweek is insufficient." *Musiello v. CBS Corp.*, 518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) (citations omitted). To survive a motion to dismiss, Plaintiffs must be able to, at the very least, "estimate" the number of weekly hours they worked "in any or all weeks" for which they claim they are owed overtime pay. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (affirming dismissal of an unpaid overtime claim where the plaintiff "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week" without overtime pay (citation omitted)); *see also Henao v. Parts Auth., LLC*, 2020 WL 5751175, at *3 (S.D.N.Y. Sept. 25, 2020) ("The [complaint] fails to state a claim for unpaid overtime under FLSA because the [complaint] provides no estimate of the weekly hours of the three Plaintiffs asserting such claims.").

While Plaintiffs need not "reconstruct the exact hours they worked each week," *Boutros v. JTC Painting & Decorating Corp.*, 2013 WL 3110943, at *3 (S.D.N.Y. June 19, 2013), they are "reasonably expected to recall basic facts about [their] own work experience[s], such as when [they] worked overtime; whether [they] came to work early, stayed late, or took on additional shifts; approximately how many extra hours [they] worked per week; and the type of tasks [they] performed during [their] overtime hours," *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 287, 290 (S.D.N.Y. 2014); *see Nakahata*, 723 F.3d at 201 ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."); *Lundy*, 711 F.3d at 114 ("[W]e find no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours."). "[G]eneral and conclusory allegation[s] as to the number of hours 'routinely' worked" are not enough. *Bustillos v. Acad. Bus, LLC*, 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014); *see Paleja v. KP NY Operations LLC*, 2022 WL 364007, at *2 (2d Cir. Feb. 8, 2022) (holding that the mere possibility of insufficient compensation for overtime without further specificity is not enough to make out a plausible claim).

> A. Plaintiffs' Collective Allegations Fail to State a Plausible Claim for Unpaid Overtime Compensation under FLSA[5]

Plaintiffs' allegations that Defendants required them to arrive early, leave late, and work through lunch breaks require the Court to make inference upon inference to arrive at the

---

[5] Although Defendants did not move to dismiss the FLSA claims on this basis, and the statute of limitations is an affirmative defense that certainly can be waived, it is still worth noting that the FLSA has a two-year statute of limitations for claims of unpaid overtime, which stretches to three if the violation is willful. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021) (citing 29 U.S.C. § 255(a)). Even if the more permissive three-year statute of limitations were to apply, the FLSA claims of ten of the fourteen Plaintiffs are entirely time barred because they left the Defendants' employ before June 3, 2018 (three years before the complaint was filed).

conclusion that any given Plaintiff worked more than forty hours during at least one week when that Plaintiff was improperly classified as exempt. *See Musiello*, 518 F. Supp. 3d at 794 (holding that plaintiff's broad allegations that she worked more than forty hours per week from 2015 to 2017 were insufficient to state a claim for unpaid overtime pay). Similar to the complaint found to be inadequate in *Lundy*, Plaintiffs' hyperbole does not mask the gaps in their factual allegations. For example, the SAC alleges that Plaintiffs were not completely relieved from duty during their lunch breaks and "were required to attend to clients on their floor if someone walked in." SAC ¶ 154. They fail to allege, however, how often that happened or for how long they engaged in compensable work during their scheduled lunch breaks. The SAC also alleges that "Plaintiffs would routinely arrive to work for their shift well before the time noted on their schedule." SAC ¶ 156. Nowhere does the SAC allege, however, that Plaintiffs began to work before their scheduled arrival time nor how many hours of compensable work they did outside the scheduled hours, opting instead to allege that Plaintiffs "typically" worked an hour after the end of their scheduled shift. SAC ¶ 158; *cf. Lundy*, 711 F. 3d at 115 (finding that Plaintiffs' allegations that their meal breaks were "'typically' missed or interrupted," and that they worked uncompensated time "before and after [] scheduled shifts" and during trainings were insufficient absent information regarding their shifts and frequency of the alleged violations in a particular workweek). Putting aside the problems created by group pleading, it is simply not plausible that *every* Plaintiff worked at least 58 hours *every* week that he or she was an exempt employee. Nor do allegations of what "typically" happened across a group of fourteen employees over a period

---

Although Azarcon, Herrera, Hennager, and Rollenhagen may have claims that are not time barred, the SAC is entirely bereft of any specifics of the number of hours Rollenhagen worked in any specific week. While all of these four Plaintiffs rely to some degree on generalized approximations of the number of purported overtime hours worked, Rollenhagen relies solely on the generalized allegations. *See* SAC, ¶¶ 164, 166, 169, 171, 173–74; *see also* Pls. Opp., Dkt. 85 at 6.

of almost eight years nudge any given Plaintiff's claim of uncompensated overtime across the line from possible to plausible.

Plaintiffs provide slightly more specifics with respect to two workweeks, but even those allegations have significant logical holes. The SAC alleges in an entirely conclusory way that all Plaintiffs who were employed at the time (presumably, but not alleged, as exempt employees) worked twenty-six hours of overtime during the workweeks of January 7, 2018, and July 8, 2018. *See id.* ¶¶ 167–68. Plaintiffs state that during those workweeks, employees "work[ed] thirteen hour shifts," but they provide no other salient details (like: how many thirteen-hour shifts did the employee work that week and how many other hours did the employee work that week) to allow the Court plausibly to conclude that all Plaintiffs who were employed in an exempt position worked more than forty hours during those workweeks. *Id.; see also Lundy*, 711 F.3d at 114 (holding that plaintiffs "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.").[6]

Plaintiffs urge that if the Court simply "do[es] the math" it can reasonably infer that Plaintiffs worked more than forty hours in the given weeks. Pls. Opp., Dkt. 85 at 9. The problem with Plaintiffs' argument is that it does not reflect the law. The FLSA is a forgiving statute to plaintiffs and does not require much. An employee's recollection of the hours worked is sufficient to get past a motion to dismiss. But FLSA is not so forgiving that a plaintiff can state a claim for unpaid overtime while alleging no specifics of any workweek in which he or she worked more than forty hours and was not paid overtime. *Dejesus*, 726 F.3d at 89.

---

[6] Plaintiffs' allegation that employees were required to report to work at 8:15 A.M. on May 24, 2018, SAC ¶ 170, is similarly insufficient without further details about the hours Plaintiffs worked that week to allege that all Plaintiffs who were classified as exempt worked more than forty hours that workweek. The Court notes that claims regarding the workweek of May 24, 2018, are also likely time-barred. *See supra*, note 5.

7

### B. The Specific Allegations Relating to Azarcon, Hennager, and Herrera Fail to State a Claim for Unpaid Overtime Under FLSA

The SAC includes some specific allegations as to Azarcon, Hennager, and Herrera, but even those more specific allegations are insufficient to state a claim for unpaid overtime. *See Watkins v. First Student, Inc.*, 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018) (dismissing overtime claims where plaintiff failed to "describe the number of days that she worked in the identified workweeks, [or] the length of the shifts").

Azarcon was allegedly misclassified as exempt from January to June 2018. SAC at ¶ 17. He claims that he arrived to work at 8:30 A.M. on March 16, 2018, arrived before 8:56 A.M. on March 24, 2018, and worked overnight from September 8, 2017, to September 9, 2017. *Id.* ¶¶ 157, 172. Azarcon fails to allege what time he left work on March 16 and 24, 2018, the other hours he worked during those two workweeks, or any other facts that would allow the Court plausibly to conclude that he worked more than forty hours in either week. *See id.* ¶ 157. His allegations of overnight work on September 8 and 9, 2017, have the same problems, but those allegations have the additional problem of falling outside the period in which he alleges he was wrongfully classified as an exempt employee. *See id.* ¶¶ 17, 172; *id.* at 24 n.1. In short, because Azarcon fails to identify any specific workweeks in which he worked more than forty hours when he was wrongfully classified as an exempt employee, he has not stated a claim for a violation of FLSA. *Watkins*, 2018 WL 1135480, at *8.

Hennager alleges that he worked until 8:55 P.M. on November 2, 2017, until 8:53 P.M. on November 3, 2017, and until 8:17 P.M. on November 9, 2017. SAC ¶ 159. These allegations do not plausibly allege that Hennager worked more than forty hours during the workweek(s) that encompassed those days. Most basically, while Hennager alleges the time he stopped work on those three days, he does not allege the time he began work or the duration of any breaks during

the day.  Nor does he allege how many hours he worked on other days in the relevant workweek(s).  *See id.* ¶ 159; *see also Watkins*, 2018 WL 1135480 at *8 (granting a motion to dismiss an FLSA overtime claim because plaintiff failed to identify the number of days she worked or the length of her shifts during weeks she purportedly worked more than 40 hours).  Without those additional specifics, it is impossible to infer from the allegations in the Complaint that Hennager ever worked in excess of 40 hours in a workweek while he was misclassified as an exempt employee.

Herrera identifies two specific weeks in late 2019 and early 2020 when he worked in excess of 40 hours.  Specifically, Herrera alleges that he worked 52.85 hours during the week of December 30, 2019, and 62.3–63.3 hours during the week of January 7, 2020.  SAC ¶¶ 175-76.  Those allegations are a good start at alleging a claim of a violation of the FLSA.  The problem for Herrera is that the SAC does not allege that he was misclassified during those workweeks; the SAC vaguely alleges only that he was misclassified as a manager from "early 2020," *id.* ¶ 31.  Interpreting "early 2020" to include the workweek that included January 7, 2020, would require the Court improperly to speculate when Herrera was misclassified as an exempt employee.  *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2011 WL 321186, at *1 (S.D.N.Y. Jan. 28, 2011), *aff'd in part*, *vacated in part*, *remanded*, 723 F.3d 192 (2d Cir. 2013) (relying in part on Plaintiffs' failure to specify dates of employment to grant motion to dismiss).

### III. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiffs Remaining NYLL Claims.

Because complete diversity is lacking in this case[7] and the FLSA claim that forms the basis of the Court's original jurisdiction has been dismissed, this Court may only retain

---

[7] Ten of the fourteen Plaintiffs reside in New York, and Defendants CdG and DSMNY allegedly have their principal places of business in New York.  *See* SAC ¶¶ 7–67, 91.

jurisdiction over Plaintiffs' state law claims if those claims fall within the Court's supplemental jurisdiction. *Garcia v. Marc Tetro Inc.*, 2020 WL 996481, at *2 (S.D.N.Y. Mar. 2, 2020). Plaintiffs' overtime and wage notice claims under the NYLL "derive from a common nucleus of operative fact" as Plaintiffs' FLSA claims, so the Court could choose to exercise supplemental jurisdiction.[8] *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 1367(a). Nevertheless, the Court exercises its discretion to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

The Second Circuit has instructed district courts to carefully consider whether exercising supplemental jurisdiction would be contrary to the values of judicial economy, convenience, fairness, and comity. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (citations omitted). Generally, state law claims should be dismissed in the interests of judicial economy if all federal claims are extinguished before trial and particularly so when the federal claims are extinguished at the pleading stage. *Castellano v. Bd. of Trustees of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991) (citations omitted); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Neither party has presented any reason why it would be unfair or inconvenient for the Court to decline to exercise supplemental jurisdiction over the remaining state law claims once the FLSA claims have been dismissed. Finally, comity favors declining jurisdiction because section 198 of the NYLL offers affirmative defenses to section 195, but there is a dearth of Federal and New York State authority on how these should be applied, *Martin v. Sprint United Mgmt. Co.*, 2017 WL 5028621, at *3, 5

---

[8] In order to resolve Plaintiffs' NYLL claims, the Court would need to evaluate the hours Plaintiffs worked, their job duties, and Plaintiffs' wages. Because these facts "substantially overlap" with the facts underlying Plaintiffs' FLSA claim, "they arise from a common nucleus of operative fact." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (citation omitted).

(S.D.N.Y. Oct. 31, 2017), and "state issues should be decided by state courts," *Cohen v. Postal Holdings, LLC*, 2017 WL 4527081, at *9 (2d Cir. Oct. 11, 2017) (Calabresi, J., concurring). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' NYLL claims.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED, and the FLSA claims in Plaintiffs' SAC are DISMISSED with prejudice.[9]  Plaintiffs' state law claims are dismissed without prejudice.  Plaintiffs' motion for collective certification is DENIED as moot, and Plaintiffs' request for attorneys' fees as sanctions is DENIED.[10]  The Clerk of Court is respectfully directed to close all open motions and to close this case.

**SO ORDERED.**

| | |
|---|---|
| **Date:  August 12, 2022**<br>**New York, NY** | _____<br>**VALERIE CAPRONI**<br>**United States District Judge** |

---

[9] "It is well established that leave to amend need not be granted . . . where the proposed amendment would be futile." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (cleaned up) (citations omitted).  The Court finds that amendment here would be futile because Plaintiffs have already had two opportunities to amend their complaint.  They represent that the allegations in the SAC as their "best efforts to particularize their hours in excess of forty hours per week." SAC ¶ 178.  As indicated above, their best effort fails to state a claim.  There is simply no indication that giving them another shot would be anything other than an exercise in futility.  *See Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) (holding that it is not "an abuse of the district court's discretion to order a case closed when leave to amend has not been sought") (citations omitted).

[10] Plaintiffs have failed to comply with the procedural requirement of Federal Rule of Civil Procedure 11(c)(1)(A) that a motion for sanctions to "be made separately from other motions." Fed. R. Civ. P. 11(c)(1)(A).  Furthermore, Defendants' motion to dismiss was based on sound legal reasoning and was not made in bad faith.