UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL HERRERA, CURTIS HENNAGER, et al., individually and on behalf of all others similarly situated, DANIEL ABBOTT, ELIZABETH AMMERMAN, AMIR AZARCON, SEAN CONWAY, BLAKE MARTIN, MADISON MURPHY, CARLIN ROLLENHAGEN, WINSTON TOLLIVER, DAVID UNICH, DYLAN WARMACK, FNAN YSAHAK, individually,<br><br>Plaintiffs,<br><br>-v-<br><br>COMME DES GARÇONS, LTD., ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 21 Civ. 4929 (VEC) (SLC)<br><br>**REPORT AND RECOMMENDATION** |

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE VALERIE E. CAPRONI**, United States District Judge:

## I. INTRODUCTION

Before the Court in this putative collective and class action, in which thirteen Plaintiffs[1] seek unpaid overtime compensation and other relief against two fashion companies and their principals, is Defendants'[2] motion to dismiss certain claims in the third amended complaint (ECF No. 114 (the "TAC")) for lack of standing and untimeliness. (ECF Nos. 127, 128 (the "Motion")). Defendants also seek attorneys' fees and costs under 28 U.S.C. § 1927 for having to bring the Motion. (ECF No. 128 at 18–20). For the reasons set forth below, we respectfully recommend

---

[1] Plaintiffs are: Daniel Abbott; Elizabeth Ammerman; Amir Azarcon; Sean Conway; Curtis Hennager; Gabriel Herrera; Blake Martin; Madison Murphy; Carlin Rollenhagen; Winston Tolliver; David Unich; Dylan Warmack; and Fnan Ysahak. (ECF No. 114 ¶¶ 7–58).

[2] Defendants are: Comme Des Garçons, Ltd. ("CDG"); Dover Street Market New York LLC ("DSMNY"); Elaine Beuther; and James Gilchrist. (ECF No. 114 ¶¶ 59–113).

that the Motion be GRANTED IN PART and DENIED IN PART and that Defendants' request for attorneys' fees be DENIED.

## II. BACKGROUND

The factual and procedural background of this action is set forth in detail in the prior reported decisions in this action and is incorporated by reference. See Herrera v. Comme Des Garçons, Ltd., No. 21 Civ. 4929 (VEC), 2022 WL 3348099, at *1–2 (S.D.N.Y. Aug. 12, 2022) ("Herrera I"), vacated and remanded, 84 F.4th 110, 112–13 (2d Cir. 2023) ("Herrera II"). We set forth only the background pertinent to the Motion.

Plaintiffs, each of whom was employed as an assistant floor manager, floor manager, or sales manager at DSMNY, allege that Defendants misclassified them as exempt from the overtime pay requirements of the FLSA[3] and NYLL[4], and as a result, failed to pay them overtime. (ECF No. 114 ¶¶ 8–9, 12–13, 16–17, 20–21, 24–25, 28–29, 32–33, 36–37, 40–41, 44–45, 48–49, 52–53, 56–57, 129–31, 217–29 (the "Overtime Claims")). Seven of the Plaintiffs were hired before June 3, 2015: Ammerman (2014), Hennager (2013), Martin (2014), Murphy (2013), Tolliver (2013), Unich (2013), and Warmack (before February 2015). (Id. ¶¶ 12, 24, 32, 36, 44, 48, 52). Abbott, Herrera, and Ysahak were each hired on an unspecified date in 2015. (Id. ¶¶ 9, 28, 56). Azarcon, Conway, and Rollenhagen were each hired after June 3, 2015. (Id. ¶¶ 16, 20, 40).

Plaintiffs also allege that Defendants failed to provide them, at the time they were each hired, a notice containing the rate of pay and other information required by NYLL § 195(1)(a). (Id. ¶¶ 193–94, 230–33 (the "Wage Notice Claims")). Finally, Plaintiffs allege that Defendants

---

[3] Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
[4] New York Labor Law § 190 et seq.

failed to provide them with each wage payment a statement containing the rates of pay and other information required by NYLL § 195(3). (Id. ¶¶ 195–96, 234–37 (the "Wage Statement Claims")).

In support of their Wage Notice and Wage Statement Claims, Plaintiffs allege that, by failing to apprise them "of their non-exempt status, regular hourly rate, overtime rate, and regular hours and overtime hours, . . . Plaintiffs were deprived of overtime due." (Id. ¶ 199). By failing to include the regular and overtime rate of pay and other required information in the wage notices and wage statements, Plaintiffs allege that Defendants denied them of both "the ability to identify their wage deficiencies earlier, preventing efforts to correct the deficiency of being wrongfully deprived of overtime pay," and "thousands of hours of overtime pay over a course of years." (Id. ¶¶ 200–201). Had Defendants complied with NYLL §§ 195(1)(a) and (3), Plaintiffs allege that they "would have immediately realized they were entitled to overtime and would have identified the wage deficiency to Defendants and rectified it." (Id. ¶ 201; see id. ¶ 200). Instead, "Plaintiffs labored under the false impression they were not eligible for overtime for years." (Id. ¶ 200). In addition, by omitting required information in the wage statements, Defendants "denied Plaintiffs the ability to track their hours worked, preventing them from seeking overtime payment for such hours." (Id. ¶ 202). Finally, Plaintiffs contend that the deficient wage notices and wage statements enabled Defendants "to conceal their unilateral alteration of pay practices [], in furtherance of their wage theft schemes." (Id. ¶ 203).

Plaintiffs filed this action on June 3, 2021. (ECF No. 1). On August 12, 2022, the Honorable Valerie E. Caproni granted Defendants' motion to dismiss Plaintiffs' Overtime Claims for failure to state a claim and declined to exercise supplemental jurisdiction over the Wage Notice and

3

Wage Statement Claims. See Herrera I, 2022 WL 3348099. In October 2023, the Second Circuit vacated Herrera I and remanded the action. See Herrera II, 84 F.4th at 116–18. Following remand, Judge Caproni held a conference to discuss Plaintiffs' proposed amendments, during which Plaintiffs' counsel argued that Plaintiffs had standing to assert the Wage Notice and Wage Statement Claims because Defendants' omission of information from the wage notices and wage statements "caused a late payment." (ECF No. 128-1 at 3). Judge Caproni cautioned Plaintiffs that they could not "tie that injury to the failure to have that information in the offering letter[,]" which was "not the type of damage that this Court in the Southern District and certainly the Second Circuit, generally, have said are adequate[.]" (Id.).

On March 29, 2024, Plaintiffs filed the TAC, their fourth pleading in this action. (ECF No. 114). On April 19, 2024, Defendants filed the Motion (ECF Nos. 127; 128; 128-1), on May 9, 2024, Plaintiffs filed their opposition (ECF No. 138), and on May 24, 2024, Defendants filed their reply. (ECF No. 143). Judge Caproni has referred the Motion for this Report and Recommendation. (ECF No. 120).

### III. DISCUSSION

#### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must allege sufficient facts . . . to state a plausible claim for relief." Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). In assessing a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiffs. See Gibbons v. Malone, 703 F.3d 595, 599 (2d Cir. 2013). The Court is not required, however, "to accept as true

4

a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

### B. Application

Defendants seek dismissal of (i) all Plaintiffs' Wage Notice and Wage Statement Claims on the ground that Plaintiffs lack standing, and (ii) ten Plaintiffs' Wage Notice Claims as untimely. (ECF Nos. 128; 143). In addition, asserting that Plaintiffs' claims are frivolous, Defendants seek an award of attorneys' fees under 28 U.S.C. § 1927. (Id. at 18–20). We address standing before turning to timeliness and Defendants' request for attorneys' fees.

#### 1. Standing

Invoking the decision of the United States Supreme Court in TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), and decisions applying it, Defendants argue that Plaintiffs have failed to allege that Defendants' recordkeeping violations under NYLL §§ 195(1)(a) and (3) caused a constitutionally cognizable injury and therefore, Plaintiffs lack standing to assert the Wage Notice and Wage Statement Claims. (ECF Nos. 128 at 13–18; 143 at 5–10). Plaintiffs respond that TransUnion has been superseded, and, in any event, they have adequately alleged specific downstream harms to demonstrate standing under TransUnion. (ECF No. 138 at 9–14).

##### a. Legal Standard

For Plaintiffs to have standing to assert the Wage Notice and Wage Statement Claims pursuant to Article III of the United States Constitution, they must adequately allege:

> (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court.

Franklin v. Whole Foods Mkt. Grp., Inc., No. 20 Civ. 4935 (VEC), 2022 WL 256460, at *8 (S.D.N.Y. Jan. 26, 2022) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)); see Guthrie v. Rainbow Fencing Inc., No. 23–350, 2024 WL 3997427, at *2–3 (2d Cir. Aug. 30, 2024) (holding that plaintiff asserting claims under § 195 must demonstrate standing). At the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." Lujan, 504 U.S. at 561. Those factual allegations "must be sufficient to put injury-in-fact into the realm of the plausible." Franklin, 2022 WL 256460, at *8 (citing Harry v. Total Gas & Power N. Am., 889 F.3d 104, 110 (2d Cir. 2018)).

For an "informational injury," such as the failure to receive required information, to give rise to standing, see TransUnion, 594 U.S. at 441, the plaintiffs must allege "'downstream consequences' from failing to receive that information that show an interest in using the information 'beyond bringing the lawsuit.'" Shi v. TL & CG Inc., No. 19 Civ. 8502 (SN), 2022 WL 2669156, at *8 (S.D.N.Y. July 11, 2022) (quoting Harty v. W. Point Realty, Inc., 28 F.4th 435, 444 (2d Cir. 2022)). In TransUnion, the Supreme Court emphasized that "bare procedural violation[s] divorced from any concrete harm" are insufficient to establish Article III standing. 594 U.S. at 440. Nor is the "risk of future harm" from procedural violations a constitutionally cognizable injury. Wang v. JFD Sushi Rest. Inc., No. 22 Civ. 4401 (VEC), 2023 WL 5048245, at *1 (S.D.N.Y. May 8, 2023). Instead, plaintiffs seeking relief in federal court must demonstrate that any such procedural violation resulted either in a tangible harm or an intangible harm "traditionally recognized as providing a basis for a lawsuit in American courts." TransUnion, 594 U.S. at 440.

Post TransUnion, district courts within the Second Circuit "reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show Article III standing to pursue

[NYLL] wage notice and wage statement claims in federal court." Guthrie, 2024 WL 3997427, at *3. To resolve this disagreement, the Second Circuit recently clarified that TransUnion provides the "appropriate standard" that a plaintiff asserting § 195 claims must satisfy to demonstrate standing, namely, that he or she "cannot rely on 'technical violations' of the [NYLL] but must allege 'actual injuries suffered as a result of the alleged' . . . wage notice and wage statement violations.'" Id. Specifically, "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm." Id. at *5. A plaintiff must provide allegations to "support a plausible theory as to how he was injured by [the] defendants' failure to provide the required documents." Id. While § 195 plaintiffs need not "demonstrate that 'their lack of notice resulted in an injury greater than [their employers'] minimum wage, overtime, and spread-of-hours wage violations,'" to establish Article III standing they must "plausibly show[] that defective notices led [them] to lose wages[,]" which would constitute "a concrete interest and [] not simply policing legal infractions in the abstract." Id. at *6.

Turning to Guthrie's allegations, the court concluded that merely alleging that his employer failed to provide him with the required wage notices and wage statements under § 195 was insufficient to "identify a concrete downstream harm he suffered as a result of the statutory violation[,]" and thus affirmed dismissal of his § 195 claims. Id. at *7 ("Without plausible allegations that he suffered a concrete injury because of [his employer's] failure to provide the required notices and statements, Guthrie lacks standing to sue for that statutory violation.").

b. **Application**

As an initial matter, the Second Circuit's decision in Guthrie dispatches with Plaintiffs' argument that TransUnion has been superseded by the Supreme Court's decisions in 303 Creative

7

v. Elenis, 600 U.S. 570 (2023), and Biden v. Nebraska, 600 U.S. 551 (2023). (ECF No. 138 at 9). See Guthrie, 2024 WL 3997427, at *3 (explaining that TransUnion "clarified the appropriate standard" to evaluate whether a plaintiff has adequately alleged standing to assert § 195 claims). The only question is whether Plaintiffs here have adequately alleged "some causal connection between the lack of accurate notices and the downstream harm." Id. at *5.

The Court finds that Plaintiffs' allegations provide "a plausible 'theory as to how'" Defendants' failure to provide timely and accurate wage notices and wage statements caused a "downstream harm." Guthrie, 2024 WL 3997427, at *5. Plaintiffs allege that Defendants' omission of the regular and overtime rates of pay from their wage notices and wage statements "denied [them] the ability to identify their wage deficiencies earlier, preventing efforts to correct the deficiency of being wrongfully deprived of overtime pay, and resulting in Plaintiffs being deprived of thousands of hours of overtime pay over a course of years." (ECF No. 114 ¶¶ 200–201). The loss of the abilities to investigate and advocate for their correct pay constitute a "concrete downstream injury-in-fact" to Plaintiffs under Guthrie. 2024 WL 3997427, at *4; see id. at *5 ("A plaintiff-employee may have suffered an injury-in-fact sufficient to establish standing when [] inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion."). Plaintiffs further allege that had the wage notices and wage statements provided the required information, they "would have immediately realized they were entitled to overtime and would have identified the wage deficiency to Defendants and rectified it." (ECF No. 114 ¶ 201). Plaintiffs have thus plausibly alleged that they "would have undertaken such advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided," and therefore, have "established a concrete

injury-in-fact sufficient to confer standing to seek statutory damages under § 195." Guthrie, 2024 WL 3997427, at *5.

Because Defendants filed their Motion before Guthrie was decided, their remaining arguments are stale and merit little further discussion. (ECF Nos. 128 at 13–18; 143 at 6–10). To the extent that Defendants rely on cases requiring Plaintiffs to allege an injury "beyond the lawsuit," (ECF No. 128 at 15), the Second Circuit explained in Guthrie that courts requiring a "greater injury" than the wage violations had "imposed too high a burden on plaintiffs-employees in § 195 cases[,]" and suggested that plaintiffs plausibly alleging "that defective notices led him or her to lose wages ha[ve] [] a concrete interest" sufficient to support Article III standing. 2024 WL 3997427, at *6. Plaintiffs have plausibly alleged that the defective notices Defendants provided "deprived [them] of thousands of hours of overtime pay over a course of years[,]" which is consistent with what the Second Circuit contemplated as adequate to plead a § 195 claim in Guthrie. (ECF No. 114 ¶¶ 200–201).

Accordingly, we respectfully recommend that Defendants' request for dismissal of the Wage Notice and Wage Statement Claims for lack of standing be DENIED.

2. **Timeliness**

Defendants argue that pursuant to the six-year statute of limitations in NYLL § 195(1)(a), only Wage Notice Claims that accrued on or before June 3, 2015—six years before the complaint was filed on June 3, 2021—are timely. (ECF No. 128 at 11–13). Because seven Plaintiffs—Ammerman, Hennager, Martin, Murphy, Tolliver, Unich, and Warmack—were hired before June 3, 2015, Defendants argue, their Wage Notice Claims are untimely. (Id.; see ECF No. 114 ¶¶ 12, 24, 32, 36, 44, 48, 52, 193–94). Defendants also maintain that because three additional

Plaintiffs—Abbott, Herrera, and Ysahak—fail to allege the date in 2015 on which they were hired, they have failed to allege sufficient facts to show that their Wage Notice Claims are timely. (ECF No. 128 at 12–13; see ECF No. 114 ¶¶ 9, 28, 56).[5] Plaintiffs respond that because Defendants never provided compliant wage notices, and "all Plaintiffs worked for Defendants beyond June 3, 2015," Defendants' violations of NYLL § 195(1)(a) were "continuing" such that all the Wage Notice Claims are timely. (ECF No. 138 at 14).

### a. Legal Standard

Section 195(1)(a) requires every employer to "provide his or her employees . . . at the time of hiring, a notice containing" pay information, including the rate and frequency of pay. NYLL § 195(1)(a) (emphasis added). If the employer fails to provide the wage notice as required by § 195(1)(a) "within ten business days of his or her first day of employment[,]" the employee may recover $50.00 "for each work day that the violations occurred or continue to occur," up to a maximum of $5,000.00. NYLL § 198(1-b). All claims under § 195(1)(a) must be filed "within six years." NYLL § 198(3). Because § 195(1)(a) provides a private right of action "only as to the initial notice[,]" the six-year statute of limitations runs from the date of hiring. See, e.g., Adams v. Bloomberg L.P., No. 20 Civ. 7724 (RA) (JLC), 2023 WL 1957681, at *15 (S.D.N.Y. Feb. 13, 2023) (finding that § 195(1)(a) claim filed more than six years after hiring date was untimely), adopted on other grounds, 2023 WL 5769492 (S.D.N.Y. Sept. 7, 2023); Baqeudano v. Maldonado, No. 20 Civ. 2728 (FB), 2022 WL 2161192, at *1 (E.D.N.Y. June 15, 2022) (same).

---

[5] Defendants appropriately do not challenge the timeliness of the Wage Notice Claims filed by Azarcon, Conway, and Rollenhagen, who were hired after June 3, 2015. (See § II, supra).

### b. <u>Application</u>

Plaintiffs allege that Defendants' failure to provide § 195(1)(a)-compliant wage notices occurred "at the time of hiring[.]" (ECF No. 114 ¶¶ 193–94). Plaintiffs were required to assert their Wage Notice Claims within six years of their hiring date. <u>See</u> <u>Adams</u>, 2023 WL 1957681, at *15. For Ammerman, Hennager, Martin, Murphy, Tolliver, Unich, and Warmack, each of whom was hired well before June 3, 2015, their Wage Notice Claims, which they did not assert until June 3, 2021, are therefore untimely. To the extent that Plaintiffs contend that Defendants' § 195(1)(a) violations were "continuing every day" so as to toll the statute of limitations (ECF No. 138 at 14), not only do Plaintiffs fail to provide any precedential authority in support of this proposition, but it is also contradicted by the text of § 195(1)(a), which provides that the violation occurs "at the time of hiring[.]" NYLL § 195(1)(a). Accordingly, we respectfully recommend that Defendants' Motion be GRANTED as to the Wage Notice Claims of Ammerman, Hennager, Martin, Murphy, Tolliver, Unich, and Warmack.

Although Abbott, Herrera, and Ysahak do not allege the specific dates in 2015 on which they were hired (ECF No. 114 ¶¶ 9, 28, 56), construing the allegations "most favorably to" Plaintiffs, they <u>could</u> have been hired on or after June 3, 2015, such that their Wage Notice Claims would be timely. <u>Vandenberg v. Adler</u>, No. 98 Civ. 3544 (WHP), 2000 WL 342718, at *7 (S.D.N.Y. Mar. 31, 2000) (finding that plaintiff had "pled sufficient facts to demonstrate that he sued in a timely fashion"). "Of course," Plaintiffs "will eventually have to support [their] contentions with evidence" showing that they were in fact hired on or after June 3, 2015, such that Defendants' violations of § 195(1)(a) occurred within the six-year limitations period. <u>Id.</u> For purposes of the Motion, however, viewing the allegations in the light most favorable to Plaintiffs, we respectfully

recommend that Defendants' Motion be DENIED as to the Wage Notice Claims of Abbott, Herrera, and Ysahak.

### 3. Attorneys' Fees

Finally, Defendants seek an award of attorneys' fees pursuant to 28 U.S.C. § 1927, arguing that Plaintiffs' claims are "wholly frivolous and should not have been interposed." (ECF No. 128 at 18–20). Plaintiffs counter that they do not lack standing to sue and that their claims are meritorious, making Defendants' request under Section 1927 "itself frivolous." (ECF No. 138 at 15).

#### a. Legal Standard

Under Section 1927, "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This provision permits an award of attorney's fees as a sanction only if the court finds "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." Kim v. Kimm, 884 F.3d 98, 106 (2d Cir. 2018). A "colorable" claim is one that "has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78-79 (2d Cir. 2000).

#### b. Application

Having recommended that Defendants' Motion be granted only in part, Defendants' argument that Plaintiff's Wage Notice and Wage Statement claims are "entirely without color"

fails. See id.; Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 337 (2d Cir. 1999) ("A claim is entirely without color when it lacks any legal or factual basis.") (emphasis in original). See also Lisa Coppola LLC v. Higbee, 19 Civ. 678 (CCR), 2020 WL 350427, at *4 (W.D.N.Y. Sept. 4, 2020) (observing that "[t]he decision to issue sanctions . . . lies within this [c]ourt's broad discretion" and denying award of attorneys' fees where the claims asserted "were not bereft of a factual or legal basis and were apparently asserted in good faith"). Accordingly, we respectfully recommend that Defendants' request for attorneys' fees and costs under 28 U.S.C. § 1927 be DENIED.

## IV. CONCLUSION

For the reasons set forth above, we respectfully recommend that Defendants' Motion be GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' request to dismiss Plaintiffs' Wage Notice and Wage Statement Claims for lack of standing be DENIED.

2. Defendants' request to dismiss the Wage Notice Claims of Ammerman, Hennager, Martin, Murphy, Tolliver, Unich, and Warmack be GRANTED and those claims be DISMISSED WITH PREJUDICE as untimely.

3. Defendants' request to dismiss the Wage Notice Claims of Abbott, Herrera, and Ysahak as untimely be DENIED.

4. Defendants' request for attorneys' fees under 28 U.S.C. § 1927 be DENIED.

Dated:      New York, New York
            September 11, 2024

```
```

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

\*        \*        \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Caproni.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).