UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL HERRERA, CURTIS HENNAGER, et al., individually and on behalf of all others similarly situated,

DANIEL ABBOTT, ELIZABETH AMMERMAN, AMIR AZARCON, SEAN CONWAY, BLAKE MARTIN, MADISON MURPHY, CARLIN ROLLENHAGEN, WINSTON TOLLIVER, DAVID UNICH, DYLAN WARMACK, FNAN YSAHAK, individually,

Plaintiffs,

-v-

COMME DES GARÇONS, LTD., ET AL.,

Defendants.

CIVIL ACTION NO. 21 Civ. 4929 (VEC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On September 25, 2024, the Court granted in part and denied in part Plaintiffs' renewed motion for conditional certification and court-authorized notice pursuant to Section 216(b) of the FLSA. (ECF No. 145 (the "Certification Order")).[1] In the Certification Order, the Court conditionally certified a Collective "comprised of sales, floor, and assistant floor managers who worked at DSMNY on or after June 3, 2018[,]" and directed the parties to meet and confer regarding corresponding changes to the Proposed Notice and "submit a revised, redlined notice for the Court's review and approval." (Id. at 20 (emphasis added)). In particular, the Court found that "Plaintiffs' evidence . . . was insufficient to meet [their] burden [to establish a collective]

---

[1] All capitalized and defined terms have the same meaning as in the Certification Order.

with respect to DSMLA employees." (Id. at 13). "[B]ecause Plaintiffs [] failed to demonstrate that they are similarly situated to zone managers and assistant zone managers at DSMLA, the Court [] limit[ed] collective certification to sales managers, assistant floor managers, and floor managers at DSMNY." (Id. at 16). Plaintiffs have not appealed from the Certification Order and the time to do so has expired. See Local Civ. R. 6.3.

As is par for the course in this action,[2] the parties could not agree on a single set of revisions to the Proposed Notice and instead have each submitted their own set of revisions, making it impossible to determine which revisions they agree on and which they do not. (ECF Nos. 146-1 ("Plaintiffs' Revisions"); 146-2 ("Defendants' Revisions")). In the cover letter accompanying the competing revisions, Plaintiffs object to Defendants' deletion from the first paragraph of the notice "the list of employer/defendants[,]" substitution of "Dover Street Market New York, LLC at 160 Lexington Avenue, New York, New York[,]" and changing the name of the employer from "Comme des Garcons" to "DSM NY" throughout the Proposed Notice. (ECF No. 146 at 1). Plaintiffs claim that because "Comme des Garcons is the first named Defendant in the pleadings[,]" Defendants' revisions will "only serve to confuse potential collective members" and "create[e] an enormous likelihood" that "eligible members [will] believe they are ineligible to join the collective" and that "potential members who likely cannot recall the precise address where they worked may be mislead into abjuring joining the collective." (Id. at 1–2). Defendants respond that the Certification Order "authorizes the distribution of notice to employees of DSMNY" and that "[a]ny employment or joint-employment relationship between the Plaintiffs on the one hand and Comme de Garcons LLP, James Gilchrist and/or Elaine Beuther is a disputed

---

[2] See, e.g., ECF No. 130 at 2.

2

issue of fact that remains to be determined." (Id. at 2).  Defendants explain that the notice should "reflect that the recipients are receiving the notice by virtue of their employment with DSMNY, with an acknowledgement that the [P]laintiffs have alleged" that Defendants were their joint employers.  (Id.)

With one change noted below, the Court approves Defendants' Revisions to the Proposed Notice.  Plaintiffs affirmatively allege that they were employed by DSMNY, hence the Court's limitation of the Collective to DSMNY only.  (ECF Nos. 114 ¶¶ 8, 12, 16, 20, 24, 28, 32, 44, 48, 52, 56; 145 at 3, 13).  While Plaintiffs allege that Defendants "acted as a single employer and/or joint employer[,]" Defendants dispute this characterization.  (ECF No. 146 at 2).[3]  "In assessing whether an entity is a joint employer, the findings of fact that underlie each of the relevant factors of the economic realities test, as well as the findings as to the existence and degree of each factor are findings of fact[,]" and "[t]he final determination whether an entity is a joint employer is a conclusion of law to be drawn from applying the factors."  Almonte v. JAM Maintenance LLC, No. 22 Civ. 1820 (JPO), 2023 WL 6066055, at *4 (S.D.N.Y. Sept. 18, 2023) (denying motions to dismiss and for summary judgment where genuine disputes over facts material to joint employer determination existed) (internal citations and quotation marks omitted); see Olvera v. Bareburger Grp. LLC, 73 F. Supp. 3d 201, 205–208 (S.D.N.Y. 2014) (noting that "determination of whether defendants are plaintiffs' joint employers is to be based on the circumstances of the whole activity . . . viewed in light of economic reality") (internal citations and quotation marks omitted).  It is therefore inappropriate to predetermine, in the context of a

---

[3] Given the pendency of Defendants' partial motion to dismiss the TAC, Defendants have not yet filed an answer.  (ECF No. 127).

3

notice to the Collective, whether all Defendants were Plaintiffs' joint employer, which is what Plaintiffs' Revisions aim to do.

Plaintiffs' hyperbole aside (ECF No. 146 at 1–2), however, the Court agrees that inclusion of the DSMNY address—"160 Lexington Avenue, New York, New York"—on the first page of the Proposed Notice is unnecessary and potentially confusing to recipients, who may or may not recall the address at which they worked. The important factor is that they worked at DSMNY on or after June 3, 2018. (ECF No. 145 at 20). The TAC does not refer to DSMNY's street address (see ECF No. 114), nor does the Court deem it material, at least for purposes of distributing notice to the Collective, whether the address was 160 or 167 Lexington Avenue. The Court therefore orders that the language "at 160 Lexington Avenue, New York, New York" be stricken from Defendants' Revisions to the Proposed Notice.

Accordingly, the Court approves, with the single modification noted above, Defendants' Revisions and directs the parties to finalize and distribute the Notice, consistent with its terms and this Court's orders, to the Collective.

Dated:    New York, New York
          October 10, 2024

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

4