UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GABRIEL HERRERA, CURTIS HENNAGER, Individually and on behalf of all others similarly situated, and

DANIEL ABBOTT, ELIZABETH AMMERMAN, AMIR AZARCON, SEAN CONWAY, RYAN INWARDS, BLAKE MARTIN, MADISON MURPHY, CARLIN ROLLENHAGEN, WINSTON TOLLIVER, DAVID UNICH, DYLAN WARMACK, FNAN YSAHAK, individually,

                      Plaintiffs,

                -against-

COMME DES GARÇONS, LTD., DOVER STREET MARKET NEW YORK LLC, ELAINE BEUTHER, JAMES GILCHRIST,

                      Defendants.
-------------------------------------------------------------- X

21-CV-4929

ORDER

VALERIE CAPRONI, United States District Judge:

      On April 19, 2024, Defendants Dover Street Market New York LLC, Comme Des Garcons, Ltd., Elaine Beuther, and James Gilchrist (collectively, "Defendants") filed a motion to dismiss the Third and Fourth Claims for Relief in the Third Amended Complaint (the "TAC"), as well as to seek attorneys' fees and costs pursuant to 28 U.S.C. § 1927. On September 11, 2024, Magistrate Judge Cave issued a report and recommendation, Dkt. 144 (the "R&R"), recommending that the motion to dismiss be granted in part and denied in part, and that Defendants' request for attorneys' fees be denied. No one objected to the R&R. For the following reasons, the Court adopts Magistrate Judge Cave's recommendation in its entirety.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the Magistrate Judge's report and recommendation, the court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note. Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

Careful review of the R&R reveals that there is no clear error. The Court agrees with Magistrate Judge Cave that, pursuant to the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and the Second Circuit's decision in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024), assuming the truth of the allegations in the TAC, Plaintiffs have standing to bring the Third and Fourth Claims for Relief in the TAC. The Court also agrees that because Plaintiffs Ammerman, Hennager, Martin, Murphy, Tolliver, Unich, and Warmack were hired prior to June 3, 2015, their claims are time-barred pursuant to NYLL § 195(1)(a). Because the Complaint does not specify when in 2015 Plaintiffs Abbott, Herrera, and Ysahak were hired, the Court agrees with Magistrate Judge Cave that it is not clear from the face of the Third Amended Complaint that their claims are untimely and, therefore, they cannot be dismissed as untimely pursuant to Defendants' Rule 12(b)(6) motion. Finally, the Court agrees with Magistrate Judge Cave that because the motion to dismiss was granted only in part, Plaintiffs' claims are not wholly frivolous; accordingly, Defendants are not entitled to an award

of attorneys' fees pursuant to 28 U.S.C. § 1927.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Third Amended Complaint is GRANTED IN PART and DENIED IN PART.  Defendants' motion to dismiss the Third and Fourth Claims for Relief for lack of standing is DENIED.  Defendants' motion to dismiss as untimely the Third Claim for Relief is GRANTED with respect to Plaintiffs Ammerman, Hennager, Martin, Murphy, Tolliver, Unich, and Warmack, but DENIED with respect to Plaintiffs Abbott, Herrera, and Ysahak.  Defendants' request for attorneys' fees pursuant to 28 U.S.C. § 1927 is DENIED.

Because none of the parties objected to the R&R and because the R&R expressly warned that the failure to object may result in the waiver of any such objections, appellate review of this decision is precluded.  *See* Fed. R. Civ. P. 72; *Caidor v. Onondaga County*, 517 F.3d 601, 603–04 (2d Cir. 2008).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to close the open motion at Dkt. 127.

**SO ORDERED.**

Date:  October 10, 2024
New York, NY

_____
VALERIE CAPRONI
United States District Judge