UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL HERRERA, et al.,

                      Plaintiffs,

-v-

COMME DES GARCONS, LTD., et al.,

                      Defendants.

CIVIL ACTION NO. 21 Civ. 4929 (VEC) (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (Dkt. No. 192), and have now submitted a joint Letter-Motion in support of settlement (Dkt. No. 189 (the "Motion")) and proposed settlement agreement (Dkt. No. 189-1 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the

factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). With respect to the allocation of attorneys' fees, the Court has both (i) reviewed Plaintiffs' engagement letters with counsel and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was "fair to [P]laintiff[s] and reasonable at the time it was made," Puerto v. Happy Life Home Health Agency Inc., 704 F. Supp. 3d 403, 407 (S.D.N.Y. 2023), and (ii) reviewed Plaintiffs' counsel's billing records, from which the Court has determined that the hourly rate and hours expended were both reasonable. Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022). Accordingly, the Court approves the Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Agreement. The Court retains jurisdiction to enforce the Agreement and Plaintiffs may seek to reopen this action within 30 days, i.e., by **December 1, 2025**, should the Agreement not be consummated. Any pending motions are moot. The Clerk of Court is respectfully requested to close Dkt. No. 189, mark it as "granted," and close this case.

Dated:   New York, New York
         October 31, 2025

                                        SO ORDERED

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**